

**FILED**

FEB 29 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

ELECTRONIC PRIVACY INFORMATION CENTER )
1718 Connecticut Ave., NW )
Suite 200 )
Washington, DC 20009 )
)
)
GRAYSON BARBER )
68 Locust Lane )
Princeton, NJ 08540 )
)
)
PABLO GARCIA MOLINA )
Georgetown University Law Center )
McDonough 514 `
600 New Jersey Ave., NW
Washington, DC 20001

Case: 1:12-cv-00327
Assigned To : Jackson, Amy Berman
Assign. Date : 2/29/2012
Description: Admn. Agency Review

PETER NEUMANN )
SRI International )
333 Ravenswood Ave. EL-243 )
Menlo Park, CA 94025 )
)
DEBORAH PEEL )
P.O. Box 248 )
Austin, Texas 78767 )
)
)
       Plaintiffs, )
)
    v. )
)
THE U.S. DEPARTMENT OF EDUCATION )
400 Maryland Avenue, S.W. )
Washington, DC 20202 )
)
       Defendant. )

---

## COMPLAINT FOR INJUNCTIVE RELIEF

1.    This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§

706(2)(A) and 706(2)(C), to hold unlawful and set aside agency action not in accordance with

law and in excess of statutory authority.

2.      Plaintiffs the Electronic Privacy Information Center, Grayson Barber, Pablo Garcia Molina, Peter Neumann, and Deborah Peel seek injunctive and other appropriate relief holding that the U.S. Department of Education's December 2, 2011 Final Regulations amending the Family Educational Rights and Privacy Act of 1974 are not in accordance with law and in excess of the agency's statutory authority.

## Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 702-3. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in this district under 5 U.S.C. § 703.

## Parties

4.      Plaintiff the Electronic Privacy Information Center ("EPIC") is a public interest research organization incorporated as a not-for-profit corporation in Washington, D.C. EPIC was established in 1994 to focus public attention on emerging civil liberties issues and to protect privacy, the First Amendment, and other Constitutional values. On May 23, 2011, EPIC submitted comments in Docket ID ED-2011-OM-0002, RIN 1880-AA86, Family Educational Rights and Privacy, Notice of Proposed Rulemaking, 76 Fed. Reg. 19726, noting that the federal regulations proposed by the United States Department of Education are contrary to law and exceed the scope of the agency's rulemaking authority.

5.      Plaintiffs Grayson Barber, Pablo Garcia Molina, Peter Neumann, and Deborah Peel are current or former students of educational institutions in the United States, subject to FERPA, whose records continue to be maintained by these institutions and would be exposed to new privacy risks if the agency rule is not set aside. Plaintiffs Grayson Barber, Pablo Garcia Molina, Peter

Neumann, and Deborah Peel are members of the EPIC Advisory Board. Plaintiffs Pablo Garcia
Molina, Peter Neumann, and Deborah Peel are members of the EPIC Board.

6.      Defendant United States Department of Education ("ED") is an executive
department established in the Executive Branch of the United States Government. The ED is an
agency within the meaning of 5 U.S.C. § 701(b)(1).

## Facts

### The ED Issued Regulations Amending the Family Educational Rights and Privacy Act of 1974 ("FERPA"); the Regulations are Currently in Effect

7.      By notice published on April 8, 2011, the ED proposed to amend regulations
implementing section 444 of the General Education Provisions Act ("Proposed Regulations"),
which is also known as the Family Educational Rights and Privacy Act of 1974 ("FERPA").

8.      The notice invited public comments on the Proposed Regulations.

9.      On May 23, 2011, EPIC filed comments with the ED, noting the illegality of the
agency's amendments, including *inter alia* the illegality of the agency's reinterpretation of the
statutory terms "authorized representative," "education program," and "directory information."

10.     EPIC's comments stated that the Proposed Regulations should be withdrawn
because they are contrary to law and exceed the scope of the agency's rulemaking authority.

11.     By notice published on December 2, 2011, the ED issued final regulations
implementing the proposed amendments ("the Final Regulations").

12.     The Final Regulations' definitions for statutory terms "authorized representative,"
"education program," and "directory information" did not differ from the proposed regulations.

13.     The Final Regulations went into effect on January 3, 2012.

## The ED Exceeded its Statutory Authority by Amending FERPA Definitions Without Congressional Approval

14.     The ED's regulations amended the FERPA, including *inter alia* the FERPA's definitions of "authorized representative," "directory information," and "education program."

15.     The amended regulations define "authorized representative," a term that was not defined in the previous regulations, to mean "any entity or individual designated by a State or local educational authority or an agency headed by an official listed in §99.31(a)(3) to conduct—with respect to Federal or State supported education programs—any audit, evaluation, or compliance or enforcement activity in connection with Federal legal requirements that relate to those programs."

16.     The amended regulations define "education program," another term that was not previously defined under FERPA, to mean "any program that is principally engaged in the provision of education, including, but not limited to early childhood education, elementary and secondary education, postsecondary education, special education, job training, career and technical education, and adult education, regardless of whether the program is administered by an educational authority."

17.     The agency states that the amended regulations "modify the definition of directory information to clarify that an educational agency or institution may designate as directory information and nonconsensually disclose a student ID number or other unique personal identifier that is displayed on a student ID card or badge if the identifier cannot be used to gain access to education records except when used in conjunction with one or more factors that authenticate the user's identity, such as a PIN, password, or other factor known or possessed only by the authorized user."

18.     The notice does not identify any statutory provision that grants the ED the authority to amend the FERPA as the agency did in the Final Regulations.

4

**EPIC Submitted Comments to the ED Opposing the Proposed Regulations**

19.     On May 23, 2011, EPIC filed comments with the ED, noting the illegality of the agency's amendments, including *inter alia* the agency's reinterpretation of the statutory terms "authorized representative," "education program," and "directory information."

20.     EPIC's comments stated that "the ED's proposals expand a number of FERPA's exemptions, reinterpreting the statutory terms 'authorized representative,' 'education program,' and 'directory information.' These proposals remove affirmative legal duties for state and local educational facilities to protect private student data."

21.     EPIC's comments stated that the proposed regulations ignored the FERPA's purpose and relied on a "fundamental misreading of appropriations legislation."

22.     EPIC's comments stated that, by designating non-governmental actors as "authorized representatives" of state educational institutions, the ED would perform an "unauthorized, unlawful sub-delegation of its own authority."

23.     EPIC's comments stated that, by expanding the definition of "educational programs," the ED would expose "troves of sensitive, non-academic data."

24.     EPIC's comments stated that the proposed regulations permitting schools to "disclose publicly student ID numbers that are displayed on individuals cards or badges . . . insufficiently safeguard[] students from the risks of re-identification."

25.     On December 2, 2011, the ED issued Final Regulations implementing its proposed amendments, despite the agency's admission that "numerous commenters . . . stated that they believe the Department lacks the statutory authority to promulgate the proposed regulations contained in the NPRM."

26.     The Final Regulations' definitions for statutory terms "authorized representative," "education program," and "directory information" did not differ from the proposed regulations.

27.     The Final Regulations went into effect on January 3, 2012.

### Count I
### Violation of the Administrative Procedure Act:
### Agency Action Not in Accordance with Law

28.     Paragraphs 1-27 above are hereby incorporated by reference as if set forth fully herein.

29.     The ED's issuance of the December 2, 2011 Final Regulations constitutes a final agency action.

30.     The December 2, 2011 Final Regulations are not in accordance with law.

31.     Plaintiffs have suffered a legal wrong and have been adversely affected and aggrieved by the ED's final agency action.

32.     Plaintiffs are entitled to injunctive relief setting aside the December 2, 2011 Final Regulations.

### Count II
### Violation of the Administrative Procedure Act:
### Agency Action in Excess of Statutory Authority

33.     Paragraphs 1-32 above are hereby incorporated by reference as if set forth fully herein.

34.     The ED's issuance of the December 2, 2011 Final Regulations constitutes a final agency action.

35.     The December 2, 2011 Final Regulations are in excess of the ED's statutory authority.

36.     Plaintiffs have suffered a legal wrong and have been adversely affected and

aggrieved by the ED's final agency action.

37.     Plaintiffs are entitled to injunctive relief setting aside the December 2, 2011 Final

Regulations.

## Requested Relief

WHEREFORE, plaintiffs prays that this Court:

A.     hold unlawful and set aside the ED's December 2, 2011 Final Regulations amending the

FERPA in Docket ID ED-2011-OM-0002, RIN 1880-AA86;

B.     overrule the Final Regulations which are currently in effect;

C.     award plaintiffs their costs and reasonable attorneys' fees incurred in this action pursuant

to 28 U.S.C. § 2412; and

D.     grant such other relief as the Court may deem just and proper.


Respectfully submitted,

By:     _____

Marc Rotenberg, Esquire (DC Bar # 422825)
John Verdi, Esquire (DC Bar # 495764)
Khaliah Barnes*
ELECTRONIC PRIVACY INFORMATION
CENTER
1718 Connecticut Avenue, N.W., Suite 200
Washington, DC 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)
*Counsel for Plaintiffs*

Dated:  February 29, 2012

---

\* Ms. Barnes is a member of the bar of the State of Maryland.