UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:12-cv-00327 (ABJ) |
| THE UNITED STATES DEPARTMENT OF EDUCATION, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## ANSWER

Defendant, the U.S. Department of Education, by and through undersigned counsel,

hereby answers the Complaint as follows:

### FIRST DEFENSE

This Court lacks jurisdiction in whole or in part over plaintiffs' claims because they lack

standing to bring these claims.

### SECOND DEFENSE

Defendant answers the individually numbered paragraphs of the Complaint, using the

same numbering contained in the Complaint, as follows:

1-2.  These paragraphs contain plaintiffs' characterization of their action and conclusions

of law, to which no answer is required.

### JURISDICTION AND VENUE

3.  This paragraph contains conclusions of law to which no answer is required.

### PARTIES

4.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in the first two sentences.  The third sentence is denied, except to admit that

Electronic Privacy Information Center ("EPIC") submitted a comment in response to the Notice

of Proposed Rulemaking, 76 Fed. Reg. 19726, and the Court is respectfully referred to EPIC's

comment for the terms thereof.

5.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

6.  The first sentence is admitted.  The second sentence contains conclusions of law to

which no answer is required.

## FACTS

7.  Admitted.

8.  Admitted.

9-10.  These paragraphs are denied, except to admit that EPIC submitted a comment in

response to the Notice of Proposed Rulemaking, 76 Fed. Reg. 19726, on May 23, 2011, and the

Court is respectfully referred to EPIC's comment for the terms thereof.

11.  This paragraph is denied, except to admit that by notice published on December 2,

2011, Defendant issued a final rule that amends its regulations implementing the Family

Educational Rights and Privacy Act of 1974 ("FERPA"), codified at 20 U.S.C. § 1232g,

(hereinafter "Final Rule").

12.  Denied.

13.  This paragraph is denied, except to admit that the Final Rule generally went into

effect on January 3, 2012.  Defendant further admits that "State and local educational authorities,

and Federal agencies headed by officials listed in § 99.31(a)(3) with written agreements in place

prior to January 3, 2012, [were required to] comply with the [new regulatory] requirement in §

99.35(a)(3) to use written agreements to designate any authorized representatives, other than

employees, only upon any renewal of or amendment to the written agreement with such

authorized representative." 76 Fed. Reg. 75604 (Dec. 2, 2011).

14.  This paragraph is denied, except to admit that the Final Rule amends Defendant's

prior FERPA regulations.

15.  This paragraph is denied, except to admit that the Final Rule defines the term

"authorized representative," and to further admit that the term "authorized representative" was

not defined in Defendant's prior FERPA regulations.

16.  This paragraph is denied, except to admit that the Final Rule defines the term

"education program," and to further admit that the term "education program" was not defined in

Defendant's prior FERPA regulations.

17.  This paragraph is denied, except to admit that the Notice of Proposed Rulemaking

contains the statement:  "The proposed regulations would modify the definition of *directory*

*information* to clarify that an educational agency or institution may designate as directory

information and nonconsensually disclose a student ID number or other unique personal

identifier that is displayed on a student ID card or badge if the identifier cannot be used to gain

access to education records except when used in conjunction with one or more factors that

authenticate the user's identity, such as a PIN, password, or other factor known or possessed

only by the authorized user."  76 Fed. Reg. at 19729.

18.  This paragraph is denied, except to admit that the Final Rule identifies the statutory

authority under which Defendant amends its FERPA regulations.

19-24.  These paragraphs are denied, except to admit that EPIC submitted a comment in

response to the Notice of Proposed Rulemaking on May 23, 2011, and the Court is respectfully

referred to EPIC's comment for the terms thereof.

25.  This paragraph is denied, except to admit that Defendant published the Final Rule on December 2, 2011, and to further admit that the Final Rule contains the statement that "[n]umerous commenters questioned the Department's legal authority to issue the proposed regulations, stating the proposals exceed the Department's statutory authority."  76 Fed. Reg. at 75609.

26.  Denied.

27.  This paragraph is denied, except to admit that the Final Rule generally went into effect on January 3, 2012.  Defendant further admits that "State and local educational authorities, and Federal agencies headed by officials listed in § 99.31(a)(3) with written agreements in place prior to January 3, 2012, [were required to] comply with the [new regulatory] requirement in § 99.35(a)(3) to use written agreements to designate any authorized representatives, other than employees, only upon any renewal of or amendment to the written agreement with such authorized representative." 76 Fed. Reg. 75604 (Dec. 2, 2011).

## COUNT I

28.  Defendant here incorporates its above responses to paragraphs 1 through 27 of the Complaint.

29.  This paragraph contains conclusions of law to which no answer is required.

30.  Denied.

31.  Denied.

32.  Denied.

## COUNT II

33.  Defendant here incorporates its above responses to paragraphs 1 through 32 of the

Complaint.

34.  This paragraph contains conclusions of law to which no answer is required.

35.  Denied.

36.  Denied.

37.  Denied.

REQUESTED RELIEF

The remaining paragraphs set forth Plaintiffs' prayer for relief to which no answer is required, but insofar as an answer is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

Wherefore, having fully answered, Defendant respectfully requests that the Court enter judgment dismissing the Complaint with prejudice, and awarding Defendant its costs and attorney's fees and other such relief as the Court deems just and proper.

Dated:  May 4, 2012

Of Counsel:

DEBORAH FRIENDLY
RAHUL REDDY
Office of the General Counsel
U.S. Department of Education
Washington, D.C.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

JOHN R. TYLER
Assistant Director

/s/ Galen N. Thorp
GALEN N. THORP (VA Bar # 75517)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Room 6140
Washington, D.C. 20530
Tel: (202) 514-4781   Fax: (202) 616-8460
E-mail: galen.thorp@usdoj.gov

Attorneys for Defendant

5