# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, et al., | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civil Action No. 12-0327 (ABJ) |
| U.S. DEPARTMENT OF EDUCATION, | ) ) ) |  |
| Defendant. | ) ) |  |

## SCHEDULING ORDER

In light of the joint report submitted by the parties, it is **ORDERED** that:

1. The administrative record will be due June 29, 2012.

2. Defendant's dispositive motion will be due on July 27, 2012, with plaintiffs' opposition and any cross-motion due on August 27, 2012; the reply and opposition to any cross-motion due September 26, 2012; and reply to any cross-motion due on October 10, 2012.

It is **FURTHER ORDERED** that the counsel read and comply with all of the Local Rules of this Court, particularly LCvR 5.1(b), 5.2(a), and 5.4. All rules will be enforced by the Court whether or not they are specifically reiterated in this Scheduling Order.

## SCHEDULING MATTERS

Counsel are directed to contact the Court's Courtroom Deputy in the first instance to request the rescheduling of court appearances. The party seeking the change in schedule must

first confer with counsel for all other parties and be prepared to provide the Courtroom Deputy with proposed mutually agreeable dates.

Extensions of time to file dispositive motions, status reports, or expert witness designations, or to complete discovery, will be granted as a matter of course if all parties consent and if the extensions will not require a change in any scheduled court appearance (status conference, motion hearing, pretrial conference, trial). But **any motion to extend a deadline set by the Court must be filed at least two business days prior to the date to be extended**. Motions that do not comply with this requirement, including consent motions, will be denied absent a statement demonstrating good cause for the failure to do so.

## MOTIONS

Motions that do not comply with LCvR 7 may be denied or stricken *sua sponte*.

A party may not file a sur-reply without first requesting leave of the Court.

Motions for reconsideration of prior rulings are strongly discouraged. They may be filed only when the requirements of Fed. R. Civ. P. 54(b), Fed. R. Civ. P. 59(e), and/or Fed. R. Civ. P. 60(b) are met. If such a motion is filed, it shall not exceed ten (10) pages in length. Moreover, the Court may strike: (a) motions which simply reassert arguments previously raised and rejected by the Court; or (b) arguments which should have been previously raised, but are being raised for the first time. *See Nat'l Trust v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1995).

**SO ORDERED.**

_____
AMY BERMAN JACKSON
United States District Judge

DATE: May 21, 2012