UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:12-cv-00327 (ABJ) |
| THE UNITED STATES DEPARTMENT OF EDUCATION, | ) ) ) | |
| Defendant. | ) ) ) | |

---

### DECLARATION OF KATHLEEN M. STYLES

---

I, Kathleen M. Styles, to the best of my knowledge and belief, and pursuant to 28 U.S.C. § 1746, do hereby declare as follows:

1.      I am the Chief Privacy Officer of the U.S. Department of Education ("Department"), a position which I have held since April 2011.  Before serving in this position, I was Chief of the Office of Analysis and Executive Support at the U.S. Census Bureau.

2.      In my capacity as the Chief Privacy Officer, I am responsible for, amongst other duties, leading a new division dedicated to advancing the responsible stewardship, collection, use, maintenance and disclosure of information at the national level within the Department.

3.      The statements contained in this declaration are based on my own personal

**EXHIBIT**
**1**

knowledge and Department records and information available to me in my official capacity.

4.     The purpose of this declaration is to provide facts relevant to plaintiffs' Motion to

Supplement the Administrative Record and Consider Extra-Record Evidence ("Motion to

Supplement").  In preparing this declaration, I have reviewed plaintiffs' Motion to Supplement

along with the Department's Final Regulation issued on the Family Educational Rights and

Privacy Act ("FERPA"), 76 Fed. Reg. 75604 (Dec. 2, 2011), and the Notice of Proposed

Rulemaking ("NPRM") on the same topic, 76 Fed. Reg. 19726 (Apr. 8, 2011).

5.     Plaintiffs first request a "document set" that they believe was "directly before the

Education Department" and was "explicitly reference[d]" when the NPRM stated:

> For example, in many States, State-level health and human services departments
> administer early childhood education programs, including early intervention
> programs authorized under Part C of the Individuals with Disabilities Education
> Act (IDEA).

*See* Motion to Supplement at 4; 76 Fed. Reg. 19726, 19730 (Apr. 8, 2011).

6.     I am not aware of any documents on this topic that were considered by the Department

but not included in the Administrative Record.  I have consulted with individuals involved with

drafting this language.  They informed me that in providing their respective input on this

language, they did not consider any specific State-level health and human services departments

that administer early childhood education programs.  Their input was based on general

knowledge of the existence of early intervention programs authorized under Part C of the IDEA,

not on any specific list of agencies.  As illustrated in the following link:

http://www.nectac.org/contact/ptccoord.asp, such programs are seldom administered by state

education agencies.

7.     Plaintiffs' second request is for a "document set" that they believe was "directly before the Education Department" and was "explicitly reference[d]" when the NPRM stated:

> Similarly, agencies other than SEAs [State educational agencies] may administer career and technical education or adult education programs.

*See* Motion to Supplement at 4; 76 Fed. Reg. 19726, 19730 (Apr. 8, 2011).

8.     I am not aware of any documents on this topic that were considered by the Department but not included in the Administrative Record.  I have consulted with individuals involved with drafting this language.  They informed me that in providing their respective input on this language, they did not consider any specific agencies that administered career and technical education or adult education programs.  Their input was based on general knowledge of the existence of agencies other than SEAs that administer these types of programs, not on any specific list of agencies.  While these individuals do not recall which agencies they were specifically aware of at the time the NPRM was issued, examples of agencies that administer such programs but are not SEAs include the Kentucky Department of Workforce Investment (see http://workforce.ky.gov/about_us.htm) and the Washington State Workforce Training and Education Coordinating Board (see http://www.wtb.wa.gov/AboutUs.asp).

9.     Plaintiffs' third request is for a "document set" that they believe was "directly before the Education Department" and was "explicitly reference[d]" when the NPRM stated:

> An increased awareness of school safety and security has prompted some educational agencies and institutions, especially school districts, to require students to wear and openly display a student ID badge that contains identifying information (typically, name, photo, and student ID number) when the student is on school property or participates in extracurricular activities.

*See* Motion to Supplement at 4; 76 Fed. Reg. 19726, 19731 (Apr. 8, 2011).

10.     I have consulted with individuals involved with drafting this language.  They informed

me that in providing their respective input on this language, they were relying on general

knowledge of the existence of educational agencies and institutions that required students to wear

ID badges, not on any specific list of educational agencies.  They further explained that this

general knowledge was informed by responses from school security chiefs to an informal inquiry

in February 2009.

11.     In February 2009, after receiving a complaint claiming that being required to wear a

student ID badge containing the student's name, photo, and ID number violated FERPA, the

Department queried its School Security Chiefs listserv about their practices regarding student IDs

and their views about the connection between the IDs and school safety.  Responses from sixteen

security chiefs were later compiled into an email that was sent to one of the individuals described

in paragraph 10.  This email is attached as Exhibit A.  I am not aware of any other documents on

this topic that were known to individuals involved in drafting the NPRM or Final Regulations.

12.     Plaintiffs' fourth request is for "[c]orrespondence received by the Education Department

before April 8, 2011" that they believe was "directly before the Education Department" and was

"explicitly reference[d]" when the NPRM stated:

> We have received inquiries about this issue, as well as complaints that the
> mandatory public display of identifying information on a student ID violates the
> FERPA rights of parents and eligible students who have opted out of directory
> information disclosures.

*See* Motion to Supplement at 4; 76 Fed. Reg. 19726, 19731-32 (Apr. 8, 2011).

13.     I have consulted with individuals involved with drafting this language.  They informed

me that in providing their respective input on this language, they were relying on general

knowledge of the existence of such inquires and complaints, not on any specific list of such

documents. They further explained that the only complaint of which they had specific knowledge was a complaint regarding the Green Bay Area Public School District in Wisconsin. The file regarding this complaint is attached as Exhibit B. I am not aware of any other documents on this topic that were known to individuals involved in drafting the NPRM or Final Regulations.

14.     In addition to the document requests discussed above, plaintiffs have also asked for documents created after the publication of the Final Regulations. One of these seeks "documents and/or document sets" regarding "[a]pproved education programs, pursuant to the newly created definition of 'education program.'" Motion to Supplement at 5.

15.     The Department does not "approve" education programs under 34 C.F.R. § 99.35. Therefore, the Department maintains no list of approved education programs.

    I declare, under penalty of perjury, that the foregoing is true and correct.


Executed this 6th day of August, 2012                    _Kathleen M. Styles_

                                                        Kathleen M. Styles
                                                        Chief Privacy Officer
                                                        U.S. Department of Education

## Campbell, Ellen

| | |
|---|---|
| **From:** | Modzeleski, Bill |
| **Sent:** | Wednesday, February 11, 2009 12:29 PM |
| **To:** | Campbell, Ellen |
| **Subject:** | ID's |
| **Attachments:** | Feb 11 2009 Student IDs.docx |

Here is what our Chiefs of School Safety and Security are telling us re. IDs

William Modzeleski
Associate Assistant Deputy Secretary
Office of Safe and Drug Free Schools
550 12th Street, SW
Washington, DC 20202



EXHIBIT

A

-----Original Message-----
From: SCHLSecurity [mailto:SCHLSECURITY@LISTSERV.ED.GOV] On Behalf Of Durbak,
Andres
Sent: Saturday, February 07, 2009 2:19 PM
To: SCHLSECURITY@LISTSERV.ED.GOV
Subject: Re: Student IDs

In Chicago Public Schools, student IDs are used primarily in high schools.  The
IDs themselves serve as a very important school building access control
instrument, contain the student's photo, class schedule, and often are color
coded, so that school staff can tell if a given student belongs in the lunch room
or is just hanging out.  The IDs contain a data strip, which is used for swiping
in upon entering the building, at which time staff can see on handy monitors if
the ID really belongs to the entering student, and if the student may be on
suspension or may need to see an administrator.  The entry swipes are recorded
into our Student Information System, by which attendance is verified, and in some
schools, swipes throughout the day tracks attendance in class.


Andres Durbak
Officer, Safety and Security

From: James Golden [mailto:███████████████]
Sent: Tuesday, February 03, 2009 5:33 PM
To: 'SCHLSecurity'
Subject: RE: [SCHLSECURITY] Student IDs


We use the student IDs with their picture for security reasons and for attendance
tracking.  We have implemented in the high schools and two middle schools.  The
ID card contains the student's picture, student ID, and school name he is
enrolled in.   The ID card contains a computer chip that shows what his schedule
is (roster) and will allow the student to swipe in to track that the student is
in the building and classroom and allow for the student to be kept out if he has
been suspended from the school.

James B. Golden, Jr.
Chief Safety Executive
School District of Philadelphia


-----Original Message-----
From: SCHLSecurity [mailto:SCHLSECURITY@LISTSERV.ED.GOV] On Behalf Of
████████████████
Sent: Thursday, February 05, 2009 11:50 AM
To: SCHLSECURITY@LISTSERV.ED.GOV
Subject: Re: Student IDs

Knowing who is on your campus is a main ingredient in keeping your campus safe - we endorse student ID badges but do not mandate at this time -- most of our schools, however, do mandate that students and staff wear badges , as well as all visitors. I do not see any FERPA violation since we are using at our sites -- badges are also tied in to lunch,media and in the future, bus passes.

---

-----Original Message-----
From: SCHLSecurity [mailto:SCHLSECURITY@LISTSERV.ED.GOV] On Behalf Of Larry Borland
Sent: Tuesday, February 03, 2009 11:29 AM
To: SCHLSECURITY@LISTSERV.ED.GOV
Subject: Re: Student IDs

On the contrary, it is my belief that student identification cards promote school safety by allowing a readily available means of determining if an individual belongs in a school building or on a school bus.  I would think that if the identification card is displayed within a school building or on a school bus, and contains only a picture and name, that would be only directory information and would only be displayed in the educational environment for legitimate educational purposes.  I think that is similar to requiring students to put their name on their test papers.  Best regards all.

-----Original Message-----
From: SCHLSecurity [mailto:SCHLSECURITY@LISTSERV.ED.GOV] On Behalf Of Konstan Elayna
Sent: Tuesday, February 03, 2009 11:40 AM
To: SCHLSECURITY@LISTSERV.ED.GOV
Subject: Re: Student IDs

In our high schools, we do recommend that students wear IDs.

-----Original Message-----
From: SCHLSecurity [mailto:SCHLSECURITY@LISTSERV.ED.GOV] On Behalf Of John Blackburn
Sent: Tuesday, February 03, 2009 11:41 AM
To: SCHLSECURITY@LISTSERV.ED.GOV
Subject: Re: Student IDs

In Dallas, we require students to wear IDs and see them as a great safety measure.

---

-----Original Message-----
From: SCHLSecurity [mailto:SCHLSECURITY@LISTSERV.ED.GOV] On Behalf Of Yatsuk, Robert A

Sent: Tuesday, February 03, 2009 11:46 AM
To: SCHLSECURITY@LISTSERV.ED.GOV
Subject: Re: Student IDs

Currently we do not use student IDs in Anne Arundel County Public Schools,
however, I would like to go to them eventually in the high schools and then the
middle schools; probably not in elementary schools.  They provide another layer
of security in the ability to quickly identify students from non-students who may
be on campus.  However, I think they need to be tied to the school library,
cafeteria, athletic events, etc. as an incentive to be effective.  For the
students, the photo and name would be critical for staff use.  I'm not sure the
student ID number would be necessary. We have finally gone to IDs for all of our
staff and it is difficult to ensure they are being worn at all times while on
school property.  We conduct spot inspections to give principals feedback to
encourage their use.

Robert A. Yatsuk
Supervisor of School Security
Anne Arundel County Public Schools
2644 Riva Road
Annapolis, MD 21401

---

-----Original Message-----
From: SCHLSecurity [mailto:SCHLSECURITY@LISTSERV.ED.GOV] On Behalf Of Herrington,
Michael M.
Sent: Tuesday, February 03, 2009 12:09 PM
To: SCHLSECURITY@LISTSERV.ED.GOV
Subject: Re: Student IDs

Sara,
    Our  students wear ID cards in Duval County. It is my opinion that not having
this information would be the impediment.

Michael M. Herrington, Chief
Duval County School Police

---

-----Original Message-----
From: SCHLSecurity [mailto:SCHLSECURITY@LISTSERV.ED.GOV] On Behalf Of Ray, Ed
Sent: Tuesday, February 03, 2009 12:46 PM
To: SCHLSECURITY@LISTSERV.ED.GOV
Subject: Re: Student IDs

Student ID's are essential to maintaining control over who is a student at a particular school and who is not. This information is directly related to school safety. The ID's provide the ability to immediately identify the student.

The information on student ID is directory information ( name, school, and student ID) . The student ID #  allow us to confirm the students school, and that students schedule and status.

Edward Ray, Chief
Department of Safety and Security
Denver Public Schools

-----Original Message-----
From: SCHLSecurity [mailto:SCHLSECURITY@LISTSERV.ED.GOV] On Behalf Of Steve Garner
Sent: Tuesday, February 03, 2009 12:56 PM
To: SCHLSECURITY@LISTSERV.ED.GOV
Subject: Re: Student IDs

We have high school students wear them in Indy.

Steve Garner, Chief
IPS Police Dept.
1129 E. 16th St.
Indpls., IN 46202
███████████

-----Original Message-----
From: SCHLSecurity [mailto:SCHLSECURITY@LISTSERV.ED.GOV] On Behalf Of Ward, Jeff
Sent: Tuesday, February 03, 2009 1:14 PM
To: SCHLSECURITY@LISTSERV.ED.GOV
Subject: Re: Student IDs

We do not issue cards to students yet.

-----Original Message-----
From: SCHLSecurity [mailto:SCHLSECURITY@LISTSERV.ED.GOV] On Behalf Of Freeman, Willie
Sent: Tuesday, February 03, 2009 11:58 AM
To: SCHLSECURITY@LISTSERV.ED.GOV
Subject: Re: Student IDs

In Newark Public Schools we do utilize student identification cards. It is definitely an important security measure because it provides an immediate ID(picture) for us to determine if  the student belongs to a specific school.  In most urban schools one of the biggest problems is intruders and not having this resource will hurt our operations. The removal of the ID number or imbedding it into the bar code is fine the picture is essential. We are not sharing this with outsiders just the immediate school community on site. This process has been used throughout history especially in the lower grades Pre-K and K. They are used on class trips and school buses to transport these students. Parent mark up the younger students clothing to help identify them. W.Freeman

-----Original Message-----
From: SCHLSecurity [mailto:SCHLSECURITY@LISTSERV.ED.GOV] On Behalf Of Donald
Mercer
Sent: Tuesday, February 03, 2009 1:56 PM
To: SCHLSECURITY@LISTSERV.ED.GOV
Subject: Re: Student IDs

Currently, we do not provide student id's; however, if we did I feel it important
to have access to the student number.

Don Mercer
Director, Risk Management & Security Services Prince William County Public
Schools P.O. Box 389 Manassas, Virginia  20108
█████████████

-----Original Message-----
From: SCHLSecurity [mailto:SCHLSECURITY@LISTSERV.ED.GOV] On Behalf Of McEvoy,
Pegi
Sent: Tuesday, February 03, 2009 2:34 PM
To: SCHLSECURITY@LISTSERV.ED.GOV
Subject: Re: Student IDs

In Seattle, the student picture, name and ID is embedded in our Safety and
Security Information System that is remotely accessible to staff.  I agree that
being able to identify who is currently assigned at school (and not currently on
suspension/expulsion) is important.  Because this system is in place and contains
"real time" data, we do not require ID cards.

Pegi

-----Original Message-----
From: SCHLSecurity [mailto:SCHLSECURITY@LISTSERV.ED.GOV] On Behalf Of Ellis, Fred
(Safety & Security)
Sent: Tuesday, February 03, 2009 3:10 PM
To: SCHLSECURITY@LISTSERV.ED.GOV
Subject: Re: Student IDs

We do not utilize student ID cards.  I generally don't see any safety issues with
them being worn...In the case of young (elementary age) students wearing them
to/from school, someone could suggest that a "bad guy" could see and use their
name to entice them to come w/them.....I don't know how much of an argument that
could be, but the only one I can think of.

Fred Ellis
Director, Office of Safety and Security
Fairfax County Public Schools
6800-B Industrial Road

Springfield, VA  22151

This is the first one...several more to follow

-----Original Message-----
From: SCHLSecurity [mailto:SCHLSECURITY@LISTSERV.ED.GOV] On Behalf Of Larry
Hill/Admin/Avery/MCS
Sent: Tuesday, February 03, 2009 2:44 PM
To: SCHLSECURITY@LISTSERV.ED.GOV
Subject: Re: Student IDs

Memphis City Schools ID badges only has the students name and school.  The
student ID is embedded in the bar code.



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE OF PLANNING, EVALUATION AND POLICY DEVELOPMENT

Dr. Gregory Maass                                              JUL 2 3 2010
Superintendent
Green Bay Area School District
200 S. Broadway
Green Bay, Wisconsin  54303

                                          ███████████████
                                          Family Educational Rights
                                          and Privacy Act

Dear Dr. Maass:

This is in regard to the complaint filed by ██████████████ (Parent) against the Green
Bay Area School District (District) under the Family Educational Rights and Privacy Act
(FERPA).  By letter dated April 3, 2009, this Office informed you of the Parent's allegation that
the District violated § 99.30 of the FERPA regulations by improperly disclosing personally
identifiable information from his █████████ (Student) education records.

Specifically, the Parent alleged that the District policy on Student Identification Cards required
that students "openly display their student identification card on a breakaway lanyard around
their neck.  The Student's ID contained a student photo, name and ID number along with barcode
identification."  Although the Student no longer attends the District, the Parent informed this
Office of his allegation by letter dated April 21, 2008.  The Parent stated that students were
required to wear the ID cards in a manner that publicly discloses the student ID numbers
although, after a review of the District's policy on Student Identification Cards, it was not clear
from the information provided whether the student ID numbers were hidden or otherwise
embedded in barcodes so that only school officials with legitimate educational interest could
gain access to them.

By letters dated May 7, 2009, and July 30, 2009, Geoffrey A. Lacy, attorney for the District
responded to the Parent's allegation.  In his May 7 letter, Mr. Lacy stated that students were
required to wear the ID badges at all times in the school and that the ID numbers and photos of
the students were visible to anyone who saw the students.  Mr. Lacy further explained that the ID
number cannot be used to gain access to any student record information without a password and
access to the student system.  The directory information notice that the District posted for the
2007-2008 school year, the notice in place at the time of the alleged improper disclosure, does
not list student ID numbers as a directory information item.



Page 2 – Dr. Gregory Maass

Section 99.30 of the FERPA regulations states:

> [A]n educational agency or institution shall obtain a signed and dated written consent . . . before it discloses personally identifiable information from the student's education records.

Section 99.31(a)(11) of the FERPA regulations states that an educational agency or institution may disclose personally identifiable information from an education record of a student without the consent required by § 99.30 if the disclosure is information the educational agency or institution has designated as "directory information" under the conditions described in § 99.37.

Section 99.3 of the FERPA regulations states:  "'Directory information' means information contained in an education record of a student that would not generally be considered harmful or an invasion of privacy if disclosed."  That provision continues in describing the type of information that may be designated as "directory information" –

> (a)  Directory information includes, but is not limited to, the student's name; address; telephone listing; electronic mail address; photograph; date and place of birth; major field of study; grade level; enrollment status (e.g., undergraduate or graduate, full-time or part-time); dates of attendance; participation in officially recognized activities and sports; weight and height of members of athletic teams; degrees, honors and awards received; and the most recent educational agency or institution attended.
>
> (b) Directory information does not include a student's –
>
> (1) Social security number; or
>
> (2) Student identification (ID) number, except as provided in paragraph (c) of this section.
>
> (c) Directory information includes a student ID number, user ID, or other unique personal identifier used by the student for purposes of accessing or communicating in electronic systems, but only if the identifier cannot be used to gain access to education records except when used in conjunction with one or more factors that authenticate the user's identity, such as a personal identification number (PIN), password, or other factor known or possessed only by the authorized user.  (See 34 CFR § 99.3 "Directory information.")

Section 99.37 of the regulations outlines what conditions apply to disclosing directory information as follows:

> (a) An educational agency or institution may disclose directory information if it

Page 3 – Dr. Gregory Maass

has given public notice to parents of students in attendance and eligible students in attendance at the agency or institution of:

(1)The types of personally identifiable information that the agency or institution has designated as directory information;

(2) A parent's or eligible student's right to refuse to let the agency or institution designate any or all of those types of information about the student designated as directory information; and

(3) The period of time within which a parent or eligible student has to notify the agency or institution in writing that he or she does not want any or all of those types of information about the student designated as directory information.

(b) An educational agency or institution may disclose directory information about former students without complying with the notice and opt out conditions in paragraph (a) of this section. However, the agency or institution must continue to honor any valid request to opt out of the disclosure of directory information made while a student was in attendance unless the student rescinds the opt out request.

(c) A parent or eligible student may not use the right under paragraph (a)(2) of this section to opt out of directory information disclosures to prevent an educational agency or institution from disclosing or requiring a student to disclose the student's name, identifier, or institutional e-mail address in a class in which the student is enrolled.

(d) An educational agency or institution may not disclose or confirm directory information without meeting the written consent requirements in § 99.30 if a student's social security number or other non-directory information is used alone or combined with other data elements to identify or help identify the student or the student's records.

The preamble to the 2008 final regulations, that made changes to the directory information provisions in the FERPA regulations, contains the following discussion relative to student ID numbers:

With regard to student ID numbers in particular, an agency or institution may print an ID number on a student's ID card whether or not the number is treated as directory information because under FERPA simply printing the ID number on a card, without more, is not a disclosure and, therefore, is not prohibited. See 20 U.S.C. 1232g(b)(2). If the student ID number is not designated as directory information, then the agency or institution may not disclose the card, or require the student to disclose the card, except in accordance with one of the exceptions to the consent requirement, such as to school officials with legitimate educational interests. If the student ID number is designated as

Page 4 – Dr. Gregory Maass

directory information in accordance with these regulations, then it may be disclosed. However, the agency or institution may still decide against making a directory of student ID numbers available to the general public. 73 FR at 74808 (Dec. 9, 2008).

As Mr. Lacy explained, the ID number that the District was using was being used as a directory information item that could not be used to gain access to any student record information without a password and access to the student system as outlined above under § 99.37(d). In order for the District to disclose the ID number in this manner, that is, as a directory information item, the District must include the term ID number in its directory information policy. A review of the District's information policy does not indicate that student ID numbers were a directory information item. Accordingly, we find that the District did not comply with FERPA in this regard.

Subsequent to the District receiving this complaint, Mr. Lacy advised by letter dated July 30, 2009, that the District no longer requires the disclosure of student ID numbers on the ID card. Accordingly, we are closing this complaint and will notify the Parent by copy of this letter.

Thank you for your cooperation with regard to this matter.

Sincerely,

Ellen Campbell

Ellen Campbell
Acting Director
Family Policy Compliance Office

cc:     Parent

## FERPA

| | |
|---|---|
| **From:** | ██████████████████████ |
| **Sent:** | October 23, 2008 7:04 PM |
| **To:** | FERPA |
| **Subject:** | Follow Up |

I am following up on a complaint that I filed last spring regarding Green Bay Area Public School Districts violation of FERPA in that they require students to involuntarily provide privacy information to persons who have no reasonable educational purpose. This violation is perpetrated through the requirement that all students display their ID with personal non-directory information exposed at all times on school grounds. I have relocated since filing the complaint; however I believe accountability to the written law should not be taken lightly regardless of the agency or status of the perpetrator. I find it very concerning that the USDOE has not taken a more direct and authoritative approach to ensure compliance to the laws that they are entrusted to enforce. My new contact information is listed below. Please reply with an update to the status of my complaint.

Regards,



April 21, 2008

Family Policy Compliance Office
U.S. Department of Education
400 Maryland Avenue, SW
Washington, D.C. 20202-5920



Dear Compliance Office:

I am writing this letter as a formal request for action regarding what I believe to be violations of FERPA (20 U.S.C. § 1232g; 34 CFR Part 99) by the Green Bay Area (State of Wisconsin) Public School District. Unfortunately the repeated efforts to resolve this ongoing violation by ▮▮▮▮▮ at West High School, and myself have not yielded what we believe to be a lawful resolution from the school district. As a result of his efforts to educate officials at Green Bay West High School regarding this law, ▮▮▮ has been harassed, disciplined and faces suspension or expulsion for refusing to disclose privacy information.

The desired action from this request is primarily that the U.S. Secretary of Education will compel the Green Bay Area Public School District to comply with FERPA laws. Secondarily I would like to request that the U.S. Department of Education will assist ▮▮▮ in having disciplinary measures associated with his efforts to bring the School District into compliance with FERPA Laws, permanently removed from his education records. Given the fact that the School District violations of FERPA continue to occur on a daily basis affecting several thousands of students in the district combined with the rhetoric regarding the degree of discipline that will be handed out by the administration at Green Bay West High School regarding ▮▮▮ for not openly disclosing personally identifiable information; I would like to request the U.S. Department of Education expedite their investigation and resolution of this matter.

The following chronology of events describes what actions have been taken to try resolving this incident locally.

**January 2nd, 2008** – Students notified of new "security" policy to be enacted requiring that they openly display their student identification card on a breakaway lanyard around their neck. The Student ID contains a student photo, name and ID number along with barcode identification. Although "Student Name" is listed in their advisory of "directory information" the student "ID Number" is not. Additionally, this is compounded by the fact that no right of refusal is granted relative to having this information openly displayed. ▮▮▮ expressed concern at this time to his history teacher, several other students and to me that this policy is a violation of privacy rights as well as morally repugnant.

**January 3rd through January 22nd, 2008** – During this time, ▮▮▮ was repeatedly warned by school staff that he is required to display his ID and the personally identifiable information that it contains. Each time ▮▮▮ is confronted he contends that enforcement of this policy is a violation of his privacy rights. Each time he complies with the policy for a short period, to get past the harassment and to be allowed to attend class.

**January 23rd, 2008** – ▮▮▮ is again harassed to comply with this unlawful policy; this time he refused to display the ID and his personally identifiable information and is sent to the Principals office. ▮▮▮ discussed the policy with Mr. Josh Chudacoff, Associate Principal and is told that it is being enforced as directed by the Green Bay Area Public School District. Mr. Chudacoff explains to ▮▮▮ that if he wishes to change the policy, he will need to speak to the school board.

**January 28th, 2008** – ▮▮▮ addresses the Green Bay Public School Board in opposition to the implementation of this policy. ▮▮▮ explained the reasons he opposes such a policy and touches on the fact that it does not comply with the law. The School Board President, Jean Marsch, tells ▮▮▮ that Dr. Nerad, Green Bay Area Public School District Superintendent, will review the policy and discuss it with ▮▮▮ within the next couple weeks.

**February 13th, 2008** – ▮▮▮ and I meet with Green Bay Area Public School District personnel, Al Behnke, Director of Security and Barbara Dorff, Director of Student Services regarding this policy. ▮▮▮ and I expressed legal questions regarding the policy as well as why we felt the policy was immoral relative to the restrictions placed on personal liberty. Both Al and Barbara agreed with our moral arguments, however expressed their

● Page 2                                                                April 21, 2008

opinion that they disagreed with our legal assessment of the policy. They stated that the School District lawyer had insisted upon its legality, basing that opinion relating the policy to a dress code issue. ███ requested a copy of the policy to review further. They said that they didn't have a copy on hand but that they would get him a copy. We left the meeting saying that after receiving the written policy, we would contact them with further concerns.

**March 2008 (do not recall specific date)** – ███ received a written copy of the policy from Barbara Dorff following a further inquiry at to whether they were going to get him a copy. The copy that was provided to ███ was stamped "Draft".

**March 13, 2008** – After review of the written policy as it was provided, we determined that the enforcement was "during normal school hours" as stated. ███ again was being harassed before the school day started by West High School Staff insisting upon the unlawful application of this policy. ███ again explained his position to the staff and refused to display his personally identifiable information for everyone to see. Associate Principal Sandra Beyer was brought into the discussion. ███ started to explain his legal stance again and Mrs. Beyer refused to listen to him and told ███ he was being insubordinate by not displaying his personally identifiable information. At this point ███ allowed his frustration to show and in his exasperation he replied to her insubordination comment with "If you were to take it any other way, you'd be a fool." At this point he was sent to Mrs. Beyer's office and was assigned detentions. As such, it is our contention that he was being punished by the school for his insistence that the school follow the law. As a result of this particular incident, he was also required to meet with the West High School Activities Director, Todd Sobrilsky regarding this "Insubordination case."

I was notified by ███ Track Coach; Lloyd Nell that ███ would be having the subsequent meeting with Mr. Sobrilsky. I expressed to Mr. Sobrilsky that he needed to take into consideration that ███ was still trying to work through the legality of this policy with the district and any actions taken against ███ for standing should be withheld pending resolution at that level. ███ was issued an official warning as a result of the hearing, based on Mr. Sobrilsky saying that Mrs. Beyer's request was reasonable.

**March 13, 2008** – After speaking with ███, we decided that this unlawful policy needed to be put to rest and that I would take the lead in further actions with the district and beyond, if necessary.

**March 31, 2008** – I sent a certified letter to Dr. Nerad and each member of the Green Bay Public School Board regarding the illegality of their policy. I have attached these letters for your review. In them I referenced the FERPA law and explained to them that, in my evaluation, failure to appropriately respond would place federal funding for the district at risk pursuant to 20 U.S.C. § 1232g. I presented Friday April 11, 2008 as a deadline to contact me to further discuss or for appropriate action regarding this issue.

**April 3, 2008** – I placed a call to the U.S. Department of Education, Family Policy Compliance Office to confirm my interpretation of the FERPA law. I spoke with Ingrid Brault and explained the policy and information that is being exposed. She said that in her estimation, given only the facts as I presented them, that this was indeed a violation of FERPA. I asked if the School District had questions, whether I could have them contact her for clarification and she agreed. I did not disclose what district was in violation at that time; because I had hoped that a resolution would be found, prior to the U.S. Department of Education needing to get involved.

**April 8, 2008** – I met with Dr. Daniel Nerad, Green Bay Area Public School District to discuss the policy in question. Dr. Nerad stated that the "policy" is classified as a "directive" and was never meant to be written. He emphasized that the School District views this action as a security measure. I explained to Dr. Nerad that if the ID card did not expose the student's name and identification number (which is used for accessing student accounts), it would not violate FERPA as it is currently written. At the conclusion of our meeting Dr. Nerad requested that I give him until April 16, 2008 to discuss my assertions and the documentation I provided (i.e. the FERPA Law and Wisconsin State Statute 118.125 which mirrors FERPA) with the school district lawyer. I agreed to this request.

**April 16, 2008** - Dr. Nerad left a message at my home stating that he had not heard back from the district's legal counsel regarding this matter and he was requesting for an extension until April 18, 2008 before I submit this request for action. I agreed to provide him this time prior to submitting this request for action.

● Page 3                                                                    April 21, 2008

**April 18, 2008** – Dr. Nerad stated that he could not get an appointment until Monday April 21, to discuss this issue with the school district lawyer, I conceded to wait until they could meet before submitting this letter.

**April 21, 2008** – Dr. Nerad left a message and stated that the school district lawyer was given the information that I had provided him during our meeting (i.e. FERPA Law and State Statute 118.125). He said he asked for her to make this issue a priority.

To this date, the Green Bay Area Public School district has not responded in an appropriate manner to address the legal issues of the policy that they are enforcing. The repeated failure of the school district staff to address the issue with urgency leads me to believe that they are trying to delay until the school year is completed and hoping that this issue is dropped. Since this issue is continuing to expose the private information of several thousand students each day, I ask that the U.S. Department of Education act in an expedient manner to compel the Green Bay Area Public School District to comply with 20 U.S.C. § 1232g; 34 CFR Part 99.

Students are unjustly being disciplined for being legally correct and having "insubordinate" notations placed in their permanent disciplinary records. I had hoped that, upon reviewing the law, of which they were made aware, the Green Bay Area Public School District would have chosen to comply with FERPA. This has not been the case, hence I am requesting your immediate intervention to compel them to comply with the law using the authority given through 20 U.S.C. § 1232g and 20 U.S.C. § 1232i. Additionally, if your office is capable of having the disciplinary notations removed from student records specifically related to their overzealous enforcement of this unlawful policy, I would request that be done as well.

Sincerely,





## Student Identification Cards

An increased awareness of school safety and security has dictated a change at the high schools in the Green Bay School District.  It is everyone's goal to ensure the safety of all our students and staff while continuing to have Green Bay Schools be welcoming to all parents and community members.  It is the Board of Education and Administration's belief that it is necessary to implement the use of student, staff, and visitor ID's in order to maintain a safe educational environment for all individuals who attend, visit, or work at any of the Green Bay high schools.  All individuals who attend, visit, and/or work at a Green Bay high school are expected to abide by all rules of behavior outlined by established School Board policies, school rules, and administrative practices.

**Expectations:**

1.  Students are expected to wear school issued ID's at all times during the school day on a break-away lanyard (which follows "dress code" rules) in a visible (unobstructed picture showing) position on the front upper torso above the belt line.  (Student may remove ID's if given direct permission by school personnel under special circumstances (i.e.:  Classes or activities that would require the removal of the ID's for safety reasons).

2.  Students will wear their own ID's (*This includes temporary ID's) in an appropriate visible fashion at all times while on school grounds throughout each designated school day. Students will have their school ID easily accessible during all school activities (academic, extra-curricular, co-curricular). Students who allow other students and/or non-students to wear their ID's on school grounds will be subject to disciplinary action. **Student who Blatantly Refuses to Wear Required ID OR Student who Refuses to Wear ID in a Visibly Appropriate Fashion will be Considered Insubordinate and Dealt with According to Procedures Outlined in the High Schools Expectations Book.** (School Board Policy KDAT)

3.  It is the responsibility of each student who forgets his or her ID to immediately report to the Security desk or designated location to obtain a temporary ID for the day.

4.  There will be a $5.00 charge to replace lost ID's

7/19/2007.



March 30, 2008

Dan Nerad
Green Bay Area Public School District
Superintendent
200 S. Broadway
Green Bay, WI 54303

Dear Mr. Nerad:

On Monday, January 28, 2008, ███████████ at Green Bay West High School addressed the School Board relative to the "policy" requiring students to openly display personally identifiable information while on school grounds. ███ briefly touched on some legal barriers that this school district action faced. Since this time members of your staff have met with ███ and I to discuss his concerns, however the district has refused to comply with the law (34 CFR Part 99 - FERPA) regarding this issue.

To this point, Green Bay Public School District personnel have failed to adequately respond to ███ concerns. Additionally, certain members of the West High School staff have acted in a condescending manner regarding the enforcement of this illegal policy. The time has come where I will be taking the lead in this matter from ███ and pressing all further actions. Here are the unacceptable actions from the district up to this point that are the cause of my reactions.

- Al Behnke and Barbara Dorff assured ███ that this was a written policy and would provide him with a copy of the policy. The written policy that was provided to ███ several weeks later upon his further inquiry was stamped as a "DRAFT". Yet this policy was being enacted. I have included a copy of this policy with this letter as I'm sure you will find many statements included in it that are problematic at best.

- During the conversation with Al and Barbara, their premise was that it provides a layer of security as a deterrent, and admitted that it was inadequate to prevent a tragedy such as the plot at East High School. Yet when it was explained that according to the Supreme Court decision Tinker v. Des Moines School District, this concern was not an adequate reason to institute such a policy, they said district counsel assured them the policy was acceptable as a dress code.

- When complying with the policy as it was provided to ███ (stating that this policy was only in effect during normal school hours), ███ was consistently harassed by West High School staff to comply with this policy prior to the first bell signifying the start of normal school hours. This harassment resulted in one of the associate principles (Sandra Beyer) recording him as being insubordinate. A call was placed to our house saying an immediate conference was needed with us parents. We returned the call but did not hear back from Sandra for over a week, and during the phone conversation I had with her, she stated that it did not matter what that written policy stated because it was only a draft and "the administration could enforce it however they saw fit". When I contended

that was not the case, she stated that we didn't need a conference because "it wouldn't do any good".

As a parent of students in the Green Bay Area Public School District there are a few issues, besides the legal aspects of this policy, that give me cause for concern. First is that if the only written depiction of this policy is in DRAFT status, how is the district ensuring that the School Board approves of its enacting. Second, how is the district ensuring that the application of the policy is consistent among all that are affected? Third, who at the district level is responsible for ensuring that this policy is clearly understood among administration and parents/students? Finally, how is it that an administrator at the level of Associate Principal believes that regardless of what the district may state as the policy, they are given the freedom to interpret and enforce policies as they see fit?

I am appealing to you as a final step to bring resolution to this matter, before it is relegated to the judicial system, costing the taxpayers thousands of dollars to defend an illegal action being enforced by the school district. A failure to comply with the law will also place the district in jeopardy of losing federal funding in accordance with 20 U.S.C. § 1232g. The school district has been placed at a significant financial risk through the implementation of this unlawful policy and I would sincerely like to resolve this matter before all of our children's education is impacted.

Please call me for any additional information I can provide about this situation or to negotiate a compromise that would be acceptable: ████████████████████████████. If I do not hear from you by April 11th, I will assume that you have selected to defend this policy in the courts and will proceed accordingly.

Sincerely,

cc:



March 30, 2008

Green Bay Area Public School District
School Board Members

Re: School District Disclosure of Personally Identifiable Information

Dear Board Members of the Green Bay Area Public School District:

Enclosed with this letter addressed to you, is a letter that I am sending to Dan Nerad. As ████
████ elicited to you on January 28, 2008 at the School Board Meeting, the issue of making
personally identifiable information available without proper consent is a very serious matter. To
this point I believe that the district has not taken this matter serious and am prepared to take
whatever measures are legally necessary to have this issue resolved, although it is my preference
that this is resolved satisfactorily outside of the courtroom, I am confident that the district will be
found to be guilty of enforcing an unlawful policy.

I strongly urge you to fully review the laws regarding disclosure of privacy information relative
to school districts and the potential consequences to the district for failing to comply with the
law. Below I have enclosed excerpts of the relevant laws for your review. However to fully
understand the matter, I suggest you fully review them beyond these excerpts.

## *Federal Law - Code of Federal Regulations: Title 34, Part 99*

### *Excerpt from Part 99.3*
Personally identifiable information includes, but is not limited to:
(a) The student's name;
(b) The name of the student's parent or other family member;
(c) The address of the student or student's family;
(d) A personal identifier, such as the student's social security number or student number;
(e) A list of personal characteristics that would make the student's identity easily traceable; or
(f) Other information that would make the student's identity easily traceable.
Note: Clearly school ID would be considered as personally identifiable information as they
contain 2 qualifying pieces of information (student name and student number)

### *Excerpt from Part 99.30*
(a) The parent or eligible student shall provide a signed and dated written consent before an educational agency or institution
discloses personally identifiable information from the student's education records, except as provided in §99.31.
(b) The written consent must:
(1) Specify the records that may be disclosed;
(2) State the purpose of the disclosure; and
(3) Identify the party or class of parties to whom the disclosure may be made.
Note: This "policy" was enacted at the start of the 2nd semester without parental consent being
granted, making the School Districts enforcement of the policy a violation of the law.

### *Excerpt from Part 99.31*
(a) An educational agency or institution may disclose personally identifiable information from an education record of a student
without the consent required by §99.31 if the disclosure meets one or more of the following conditions:
(1) The disclosure is to other school officials, including teachers, within the agency or institution whom the agency or institution has
determined to have legitimate educational interests.

(2) The disclosure is, subject to the requirements of §99.34, to officials of another school, school system, or institution of postsecondary education where the student seeks or intends to enroll.
(3) The disclosure is, subject to the requirements of §99.35, to authorized representatives of—
(i) The Comptroller General of the United States;
(ii) The Attorney General of the United States;
(iii) The Secretary; or
(iv) State and local educational authorities.
(4)(i) The disclosure is in connection with financial aid for which the student has applied or which the student has received, if the information is necessary for such purposes as to: ...

Note: I am very confident that fellow students, school visitors, contractors and other peripheral staff members do not meet the conditions outlined in this exception to consent as their knowledge of this personal information does NOT serve a legitimate "educational" interest.

### Federal Law – United States Code: Title 20, Chapter 31, SubChapter III, Part 4

Excerpt from § 1232g
(b) *Release of education records; parental consent requirement*; exceptions; compliance with judicial orders and subpoenas; audit and evaluation of federally-supported education programs; recordkeeping
(1) *No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information, as defined in paragraph (5) of subsection (a) of this section) of students without the written consent of their parents to any individual, agency, or organization, other than to the following—* ...

Note: The policy goes on to explain exceptions which are equal to Part 99.31 above. Hence the reasonable assumption can be drawn that this policy may jeopardize federal funding from the Department of Education.

I have appealed to Dr. Nerad in order to prevent this issue from reaching the courts and jeopardizing this unlawful policy from significantly impacting the Green Bay Public School District. As I can understand the good intentions surrounding the enacting of this requirement that students display their ID for all to see, it is clearly an infringement on their rights and those of their parents. Again, I urge you as a member of the School Board to review and understand the law in this matter and act as you deem appropriate. If this matter is not settled, the School Board will be named as the defendant in this matter along with the District Administration.

As I offered Dr. Nerad, please call me for any additional information I can provide about this situation or to negotiate a compromise that would be acceptable: ███████████████
█████████████. If I do not hear from you by April 11th, I will assume that you have selected to defend this policy in the courts and will proceed accordingly.

Sincerely,


████████████████


cc: ████████████████████████████████
████████████████

## Brault, Ingrid

| | |
|---|---|
| **From:** | FERPA |
| **Sent:** | May 02, 2008 1:23 PM |
| **To:** | Brault, Ingrid |
| **Subject:** | FW: Stop School Districts Unlawful Policy (GBAPS) |

-----Original Message-----
**From:**
**Sent:** Thursday, May 01, 2008 7:50 PM
**To:** Luke Valitchka; dnerad@greenbay.k12.wi.us; FERPA
**Cc:**



**Subject:** Stop School Districts Unlawful Policy (GBAPS)

Mr. Valitchka and Dr. Nerad,

Following my conversation with Dr. Nerad today, I wanted to inform you that, effective immediately, ▊▊▊
▊▊▊ will not continue to conform to your unlawful policy requiring them to display personally identifiable
information. They will present their ID upon request to school authorities; however they will not display them
continually on a lanyard around their necks. As Dr. Nerad stated in our conversation, I am going to do what I have
to do and in doing so will force you to make your decision on how far you choose to push your unlawful actions.
▊▊▊▊▊ I choose to stand on the side of the law, because we still believe that laws are made for a reason. I
have scanned and attached a copy of the districts notification of "directory information" and it does not include the
student's ID number, so you cannot hide behind saying that the exposed information is covered by that
notification.

As Dr. Nerad expressed that the Green Bay Area Public School District will be changing the ID for the next school
year to remove the student ID number demonstrates that the school district recognizes that requiring student to
display this information is in violation of State Statute 118.125 and Federal FERPA Law (20 U.S.C. § 1232g, 34
CFR Part 99). I find it unacceptable that the district will then continue to impose a directive, knowing that it
violates state and federal privacy laws. Obviously as "educators" both of you must realize the impact that this
decision is to have on students. The district re-wrote the co-curricular handbook this past year to emphasize
character and accountability; however actions speak much louder than words. I am sure that either of you would
have no problem suspending a student from extracurricular activities if they were to violate the law or established
rules, yet you choose to place yourselves above the law with the decision to continue enforcing an unlawful
policy.

As another point to cover, the fact that next years ID will contain the Students name, which will be noted as
"directory information", I implore you to realize that according to the law, a parent may request that this
information is not dispersed and require the school to find alternatives for those students. I will work to educate
the parents and students of this fact so that their private information is not continually placed in jeopardy of being
disclosed to persons that are not appropriate. I provided the school district with a contact Ingrid Brault at the
Family Compliance Office (U.S. Department of Education - 1-800-877-8339 – feel free to call and clarify if you

doubt my assertions regarding federal FERPA law) so that they could call and make sure that they resolve this situation in an acceptable manner, however it is obvious that the school district has failed to follow through.

In closing, I will say that ███████ I have worked with West High School and the School District through the channels provided since January of this year. We paid extreme caution to ensure that our assertions were true and provided specific information for the district to investigate, which was obviously correct or the ID cards would not be getting changed for next year. However at this point we are sadly disappointed that we must now publicly expose the fact that the district apparently believes that they are above the laws of the land. To all who are copied on this email, feel free to forward it to anyone who has a stake and would be interested in knowing about the districts violation of state and federal laws.

Best Regards,

05/05/2008



About Our District    About Our Schools    For Parents and Students    Student Ac
Strategic Plan    Education News    Alumni    District Staff    Employment

*About Our Schools*

Search WWW
Search this site



### Directory Data

The Green Bay Area Public School District designates as directory data a student's name, date and place of birth, address, telephone listing, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, photographs, degrees and awards received and the name of the school most recently previously attended by the student. This directory data shall be considered public information and may be released to appropriate persons and media including the Wisconsin Student Number Locator System unless parents or adult students refuse the release, in writing, of their own initiation. Refusal of such release must be made no later than 14 days after the opening of school or of enrolling in school in the case of those entering the Green Bay Area Public School District after the school year has started.

Upon request by military recruiters or higher education institutions, a school district shall provide access to student names, addresses, and telephone numbers. Parents/guardians and adult students may request that the school district not provide this information without prior consent. To exercise this right, please contact the building principal of your school.

*PARENTS MAY CHOOSE NOT TO ALLOW RELEASE OF THIS INFO!*

Join our district newsletter mailing list.

Your e-mail address:

[            ] [Go]

Last updated: 01/25/2007

200 S. Broadway, Green Bay, WI 54303 Phone: 920-448-2000 E-mail: webmaster@greenbay.k12.wi.us

Home   About our district   Read our alumni   For parents & students
For alumni   Sign up for our newsletter   See postings   For district staff

## Brault, Ingrid

**From:** FERPA
**Sent:** April 28, 2008 9:52 AM
**To:** Brault, Ingrid
**Subject:** FW: Attn: Ingrid Brault

If you answer him via email, please do it from Customer.

-----Original Message-----
**From:** 
**Sent:** Sunday, April 27, 2008 1:30 PM
**To:** FERPA
**Subject:** Attn: Ingrid Brault

Hello Ingrid,

I am inquiring as to whether my letter regarding the Green Bay Public School District was received via mail as of yet. I have attached copies to this email in case it has not yet arrived. Please let me know if there is anything I can do to help resolve this matter as there are approximately 7,000 students each day who are being subjected to showing their personal information and I believe that they are stalling in changing their direction, hoping that opposition goes away or the school year ends and a new Superintendent takes over.

Thank You for your assistance,

04/30/2008

**Brault, Ingrid**

| | |
|---|---|
| **From:** | FERPA |
| **Sent:** | May 05, 2008 9:03 AM |
| **To:** | Brault, Ingrid |
| **Subject:** | FW: Stop School Districts Unlawful Policy (GBAPS) |

Yours, right?

-----Original Message-----
From: ██████████████████████████
Sent: Friday, May 02, 2008 3:53 PM
To: Valitchka, Luke; ████████████  FERPA; dnerad@greenbay.k12.wi.us; █████

Subject: Stop School Districts Unlawful Policy (GBAPS)

Everyone,

I received a copy of the email from the ████████████ regarding lanyards.

I would first like to express my gratitude to the Green Bay School District and to administration at West High School for their daily efforts to keep my student safe. I am fully aware that because of unsettling incidents around us steps are taken in the best interest of our students. Although these measures may not always be easy or convenient, they are an unfortunate sign of the times.

I would be surprised to find that any significant number of students or parents are in agreement with the ████████████ to such an extreme. As an involved parent at West, I do not feel this has been a "hotbed" issue or has been the subject of conversation or parent gossip lines. Just because we share attendance at meetings or events does not put us in support of this position.

I regret should this attempt for attention on this matter reflect negatively on West High School. I would like to specifically thank Dan Nerad, Luke Valitchka, Sandra Beyer, Josh Chudacoff and all other administrative and supporting personnel for their daily dedication to making West High a safe environment and top notch, quality educational facility. Your efforts should not be diminished by the negative reflections of a few.

Sometimes rules need to be enforced that we don't agree with or may be inconvenienced by, but if it is being done in an effort to protect us and if it is for the greater good, then we need to respect that and adjust. Unfortunately, it just isn't a perfect world.

Thanks everyone for your time,

██████

1



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF PLANNING, EVALUATON AND POLICY DEVELOPMENT

Dr. Gregory Maass
Superintendent
Green Bay Area School District
200 S. Broadway
Green Bay, Wisconsin  54303

**APR – 3 2009**

███████████████

Family Educational Rights
and Privacy Act

Dear Dr. Maass:

████████████████████ has filed a complaint with the Department of Education alleging that the Green Bay Area School District (District) violated rights afforded parents by the Family Educational Rights and Privacy Act (FERPA).  This Office, under authority of § 99.60 of the FERPA regulations (copy enclosed), investigates complaints in accordance with the procedures outlined in § 99.65.  The section states in summary:

- The Office notifies the complainant and the educational agency or institution against which the violation has been alleged, in writing, if it initiates an investigation of a complaint.

- The notification to the agency or institution under this section includes the substance of the alleged violation and asks the agency or institution to submit a written response to the complaint.

This letter serves to notify you of the allegation and to provide you the opportunity to submit a written response.

By letter dated April 21, 2008, the Parent alleges that the District violated § 99.30 of the FERPA regulations by improperly disclosing information from student education records including from ███████████ (Student) education records.  Section 99.30 states:

[A]n educational agency or institution shall obtain a signed and dated written consent . . . before it discloses personally identifiable information from the student's education records.

Specifically, the Parent alleges that the District policy on Student Identification Cards (copy enclosed) requires that students "openly display their student identification card on a breakaway lanyard around their neck.  The Student ID contains a student photo, name and ID number along with barcode identification." Although the Student no longer attends the District, the Parent informed this Office of his allegation by letter dated  April 21, 2008.  The Parent explained that

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202
www.ed.gov

Our mission is to ensure equal access to education and to promote educational excellence throughout the nation.

Page 2 – Dr. Gregory Maass

the District notified parents of this new policy (see attached) on January 2, 2008. The Parent stated that the former superintendent, Dr. Daniel Nerad, told him on April 8, 2008, that this policy is a "security measure" taken by the District. The Parent states that students are required to wear the ID card in a manner that publicly discloses the student ID number although, after a review of the District's policy on Student Identification Cards (copy enclosed), it is not clear whether this is the case or whether the student ID number is hidden or somehow imbedded in a barcode so that only school officials with legitimate educational interest can gain access.

In order to complete the procedure outlined in § 99.65(a)(2) of the FERPA regulations, please investigate the Parent's allegation and provide this Office a written response within four weeks after you receive this letter.   When responding please provide the following information:

- Does the District require students to wear the ID card on their person with the ID number showing in a manner that makes the ID number available to any person on campus?
- What is the student ID number?  For example, does it allow school officials access to the student education records maintained by the District such as a transcript, attendance, health or disciplinary records?  Or, is the number a way to identify the student numerically with out connecting the number to education records maintained at the District?
- Is the ID number on the student ID card hidden in any manner so that only school officials with legitimate educational interest can have access?  If so, in what manner is the student ID number maintained on the student ID card?

Please refer to ███████████████ in any correspondence regarding this complaint.  If you have any questions concerning the Act, the Department of Education's role in its administration, or the complaint procedure, you may contact Ms. Ingrid Brault of my staff.  The name, address, and telephone number of this Office are:

Family Policy Compliance Office
U.S. Department of Education
400 Maryland Avenue, SW
Washington, D.C. 20202-8520
(202) 260-3887

Sincerely,

Paul Gammill
Director
Family Policy Compliance Office

Enclosures

cc:   Parent



**DAVIS | KUELTHAU**

attorneys at law



RECEIVED
AUG - 5 2009
By_____

July 30, 2009

Frances Moran
Family Policy Compliance Office
United States Department of Education
400 Maryland Avenue, SW
Washington D.C.  20202-8520

Re:  ▓▓▓▓▓▓▓▓▓▓  Family Educational Rights and Privacy Act
     Green Bay Area Public School District

Dear Ms. Moran:

Thank you for taking the opportunity to speak with me earlier this week regarding the above-referenced matter.  I have conferred with District officials regarding the planning for next school year as we discussed.

I can confirm that the student identification numbers will no longer be used on the identification badges.  Rather, the badges will contain the student's name, photograph, and a barcode with encrypted data.  The badges have been and will continue to be worn by both middle school and high school students in the District.

I look forward to the Department's guidance regarding the opt-out provisions under FERPA and the affect those provisions may have on this important security-related measure.  I would encourage the Department to balance the minimal impact the use of ID badges has on student privacy issues with the significant benefit it can have on security and safety issues within the schools.  The students are required to wear the badges in school where they would be displaying directory data, however, the vast majority of those viewing that directory data are other students or school officials.  The incidence of access to pupil record information by the general public from use of the ID badges is limited by the nature of the forum itself.  Likewise, this is akin to some respects to the Department's position that students cannot use the opt-out provisions to remain anonymous in the classroom.  While not in the classroom, they are still in the school facilities and under the care and supervision of school authorities.  The same considerations apply in the broader school environment context as apply in the classroom itself, both as to

Phone 920.435.9378  Direct 920.431.2225  Fax 920.431.2265
318 S. Washington Street, Suite 300, Green Bay, WI 54301
glacy@dkattorneys.com

BROOKFIELD | GREEN BAY | MADISON | MILWAUKEE | OSHKOSH | SHEBOYGAN
www.dkattorneys.com

Frances Moran
July 30, 2009
Page 2

maintaining an environment conclusive to educational and to protect the safety and security of all
of the students and staff.

Again, I appreciate your interaction on this issue and look forward to your response.

Very truly yours,

Davis & Kuelthau, s.c.

Geoffrey A. Lacy

GAL:kjh
cc:     Ms. Barbara Dorff
        Attorney Ann Patteson



**DAVIS | KUELTHAU**
attorneys at law

May 7, 2009



Regina Miles
Family Policy Compliance Office
United States Department of Education
400 Maryland Avenue, SW
Washington D.C.  20202-8520

Re: ▆▆▆▆▆▆▆▆▆, Family Educational Rights and Privacy Act
Green Bay Area Public School District

Dear Ms Miles:

Our office represents the Green Bay Area Public School District.  We are submitting this letter in response to the complaint filed with your office concerning the use of student ID numbers on mandatory student identification cards.  The students in the schools, as ultimately determined by the building administrator, are required to wear an ID badge at all times in the school.  The ID has the student's name and student identification number located on it, as well as a bar code and a photo.  The ID number and name are visible to anyone that sees an individual student.  The purpose is to allow faculty and others to be able to identify individual students in the building without getting some or similar names confused.  This is for security purposes primarily.

The complaint alleges (though neither the complaint nor any of the referenced enclosures were actually attached to the Department's letter) that the schools' use of the student identification number is a violation of FERPA.  For this to in fact be a violation, the student identification number would have to provide access to student education or behavioral records.  In other words, the identification number would have to constitute personally identifiable information which, in conjunction with a student's name or other generally accessible information would permit a user to gain access to student record information.

The student ID cannot be used to gain access to any student record information without a password and access to the student system.  Likewise, protected information is not provided over the phone based only on the student name and identification number.  Accordingly, placement of the student identification number on the badges does not constitute a disclosure of personally

Phone 920.435.9378  Direct 920.431.2225  Fax 920.431.2265
318 S. Washington Street, Suite 300, Green Bay, WI 54301
glacy@dkattorneys.com

BROOKFIELD | GREEN BAY | MADISON | MILWAUKEE | OSHKOSH | SHEBOYGAN
www.dkattorneys.com

Regina Miles
May 7, 2009
Page 2

identifiable student information, nor does it constitute directory data either as identified by the
FERPA regulations or by District policy.

I should also note that the District intends to modify this practice for the following school year.
In the future, the plan is to embed all information in the barcode on the ID badges.  The schools
may still require students to wear them but the student identification number will not be on the
badge.  This does not, however, indicate that the District has in any fashion violated FERPA.

Please feel free to contact me if you require any further information.

Very truly yours,

Davis & Kuelthau, s.c.

Geoffrey A. Lacy

GAL:kjh

cc:    Ms. Barbara Dorff