| 93D CONGRESS<br>*2d Session* | SENATE | REPORT<br>No. 93–1026 |
|---|---|---|

# EDUCATION AMENDMENTS OF 1974

JULY 22, 1974.—Ordered to be printed

Mr. PELL, from the committee of conference,
submitted the following

# CONFERENCE REPORT

[To accompany H.R. 69]

The committee of conference on the disagreeing votes of the two Houses on the amendment of the Senate to the bill (H.R. 69) to extend and amend the Elementary and Secondary Education Act of 1965, and for other purposes, having met, after full and free conference, have agreed to recommend and do recommend to their respective Houses as follows:

That the House recede from its disagreement to the amendment of the Senate and agree to the same with an amendment as follows:

In lieu of the matter proposed to be inserted by the Senate amendment insert the following: *That this Act may be cited as the "Education Amendments of 1974".*

TABLE OF CONTENTS

Sec. 2. *General provisions.*

TITLE I—AMENDMENTS TO THE ELEMENTARY AND SECONDARY EDUCATION ACT OF 1965

Sec. 101. *Amendments to title I of the Elementary and Secondary Education Act of 1965—special educational programs and projects for educationally deprived children.*
    (a) (1) *Extension of the program.*
    (2) *Amendments relating to allocation of basic grants.*
    (3) *Amendment relating to incentive grants.*
    (4) *Amendments relating to special grants.*
    (5) *Amendments relating to applications.*
    (6) *Amendments relating to participation of children enrolled in private schools.*
    (7) *Amendments relating to adjustments where necessitated by appropriations.*
    (8) *Amendments relating to allocation of funds within the school district of a local educational agency and program evaluation.*
    (9) *Technical amendments.*
    (10) *Provision with respect to additional authorizations for certain local educational agencies.*
    (b) *Effective date.*

(1)

EXHIBIT B

Sec. 102. School library resources, textbooks, and other instructional materials.
Sec. 103. Supplementary educational centers and services; guidance, counseling, and testing.
Sec. 104. Strengthening State and local educational agencies.
Sec. 105. Bilingual educational programs.
Sec. 106. Statute of limitations.
Sec. 107. Dropout prevention projects.
Sec. 108. School nutrition and health services.
Sec. 109. Correction education services.
Sec. 110. Open meetings of educational agencies.
Sec. 111. Ethnic heritage studies centers.

TITLE II—EQUAL EDUCATIONAL OPPORTUNITIES AND THE TRANSPORTATION OF STUDENTS

Sec. 201. Short title.

PART A—EQUAL EDUCATIONAL OPPORTUNITIES

Subpart 1—Policy and Purpose

Sec. 202. Declaration of policy.
Sec. 203. Findings.

Subpart 2—Unlawful Practices

Sec. 204. Denial of equal educational opportunity prohibited.
Sec. 205. Balance not required.
Sec. 206. Assignment on neighborhood basis not a denial of equal educational opportunity.

Subpart 3—Enforcement

Sec. 207. Civil actions.
Sec. 208. Effect of certain population changes on certain actions.
Sec. 209. Jurisdiction of district courts.
Sec. 210. Intervention by Attorney General.
Sec. 211. Suits by the Attorney General.

Subpart 4—Remedies

Sec. 213. Formulating remedies; applicability.
Sec. 214. Priority of remedies.
Sec. 215. Transportation of students.
Sec. 216. District lines.
Sec. 217. Voluntary adoption of remedies.
Sec. 218. Reopening proceedings.
Sec. 219. Limitation on orders.

Subpart 5—Definitions

Sec. 221. Definitions.

Subpart 6—Miscellaneous Provisions

Sec. 222. Repealer.
Sec. 223. Separability of provisions.

PART B—OTHER PROVISIONS RELATING TO THE ASSIGNMENT AND TRANSPORTATION OF STUDENTS

Sec. 251. Prohibition against assignment or transportation of students to overcome racial imbalance.
Sec. 252. Prohibition against use of appropriated funds for busing.
Sec. 253. Provision relating to court appeals.
Sec. 254. Provision requiring that rules of evidence be uniform.
Sec. 255. Application of proviso of section 407(a) of the Civil Rights Act of 1964 to the entire United States.
Sec. 256. Additional priority of remedies.
Sec. 257. Remedies with respect to school district lines.
Sec. 258. Prohibition of forced busing during the school year.
Sec. 259. Reasonable time for developing voluntary plan for desegregating schools.

TITLE III—FEDERAL IMPACT AID PROGRAMS

Sec. 301. Duration of payments under Public Law 815, Eighty-first Congress.
Sec. 302. Amendments to Public Law 815, Eighty-first Congress.
Sec. 303. Duration of payments under title I of Public Law 874, Eighty-first Congress except section 3 thereof.
Sec. 304. Amendments to Public Law 874, Eighty-first Congress for fiscal year 1975.
Sec. 305. Amendments to sections 3, 5, and 7 of Public Law 874, Eighty-first Congress.

TITLE IV—CONSOLIDATION OF CERTAIN EDUCATION PROGRAMS

Sec. 401. Consolidation of library, and learning resources, educational innovation, and support programs.
Sec. 402. Consolidation of certain federally operated educational programs.
    (a) The Special Projects Act.
    (b) (1) Priorities and preferences under the Special Projects Act.
        (2) Apportionment of reserved funds.
        (3) Uses of reserved funds.
        (4) Limitation on duplicate appropriations.
    (c) (1) Effective date.
        (2) Amendments repealing section 306 of the Elementary and Secondary Education Act of 1965.
        (3) Amendments repealing section 809 of the Elementary and Secondary Education Act of 1965.
Sec. 403. Education for the use of the metric system of measurement.
Sec. 404. Gifted and talented children.
Sec. 405. Community schools.
Sec. 406. Career education.
Sec. 407. Consumers' education.
Sec. 408. Women's educational equity.
Sec. 409. Elementary and secondary school education in the arts.
Sec. 410. Effective date.

TITLE V—EDUCATION ADMINISTRATION

Sec. 501. National center for education statistics.
Sec. 502. General provisions relating to officers in the education division.
Sec. 503. Amendments with respect to the Office of Education; regional offices.
Sec. 504. Amendments with respect to the education division.
Sec. 505. Amendment with respect to applicability, authorization of appropriations, and other general matters.
Sec. 506. Revision of appropriations and evaluations provisions.
Sec. 507. Applicability of part C.
Sec. 508. Publication of indexed compilation of innovative projects; review of applications.
Sec. 509. Amendments to section 431 of the General Education Provisions Act relating to rules, regulations, and other requirements of general applicability.
Sec. 510. Audits and recordkeeping.
Sec. 511. Simplified State application.
Sec. 512. Furnishing information.
Sec. 513. Protection of the rights and privacy of parents and students.
Sec. 514. Protection of pupil rights.
Sec. 515. Limitation on withholding of Federal funds.
Sec. 516. Appointment of members of and functioning of advisory councils.
Sec. 517. Other amendments relating to advisory councils.
Sec. 518. Relation to other laws.
Sec. 519. Office of Libraries and Learning Resources.

TITLE VI—EXTENSION AND REVISION OF RELATED ELEMENTARY AND SECONDARY EDUCATION PROGRAMS

PART A—ADULT EDUCATION

Sec. 601. Definition of "community school program".
Sec. 602. Special projects reservation eliminated.

Sec. 603. New State plan requirements.
Sec. 604. Use of funds for special projects.
Sec. 605. Clearinghouse on adult education.
Sec. 606. State advisory councils.
Sec. 607. Amendments relating to bilingual education.
Sec. 608. Extension of authorizations of appropriations; technical amendments.
Sec. 609. Effective dates.

PART B—EDUCATION OF THE HANDICAPPED

Sec. 611. Short title.
Sec. 612. Bureau for the education and training of the handicapped.
Sec. 613. Advisory Committee.
Sec. 614. State entitlements.
Sec. 615. Additional State plan requirement.
Sec. 616. Regional education programs for deaf and other handicapped persons.
Sec. 617. Centers and services.
Sec. 618. Personnel training.
Sec. 619. Research.
Sec. 620. Instructional media.
Sec. 621. Specific learning disabilities.

PART C—INDIAN EDUCATION

Sec. 631. Extension of programs for the education of Indian children.
Sec. 632. Revision of programs relating to Indian education.

PART D—EMERGENCY SCHOOL AID

Sec. 641. Extension of the Emergency School Aid Act.
Sec. 642. Repeal of reservation for certain metropolitan projects.
Sec. 643. Amendment with respect to eligibility.
Sec. 644. Special projects for the teaching of mathematics.
Sec. 645. Amendment relating to nonprofit groups.
Sec. 646. Effective date.

PART E—NATIONAL DEFENSE EDUCATION

Sec. 651. Extension of title III.

TITLE VII—NATIONAL READING IMPROVEMENT PROGRAM

Sec. 701. Statement of purpose.

PART A—READING IMPROVEMENT PROJECTS

Sec. 705. Projects authorized.

PART B—STATE READING IMPROVEMENT PROGRAMS

Sec. 711. Statement of purpose.
Sec. 712. Applicability and effective date.
Sec. 713. Allotments to States.
Sec. 714. Agreements with State educational agencies.

PART C—OTHER READING IMPROVEMENT PROGRAMS

Sec. 721. Special emphasis projects.
Sec. 722. Reading training on public television.
Sec. 723. Reading academies.

PART D—GENERAL PROVISIONS

Sec. 731. Evaluation.
Sec. 732. Authorization of appropriations.

## TITLE VIII—MISCELLANEOUS PROVISIONS

PART A—POLICY STATEMENTS AND WHITE HOUSE CONFERENCE ON EDUCATION

Sec. 801. National policy with respect to equal educational opportunity.
Sec. 802. Policy with respect to advance funding of education programs.
Sec. 803. Policy of the United States with respect to museums as educational institutions.
Sec. 804. White House Conference on Education.

PART B—EDUCATIONAL STUDIES AND SURVEYS

Sec. 821. Study of purposes and effectiveness of compensatory education programs.
Sec. 822. Survey and study for updating number of children counted.
Sec. 823. Study of the measure of poverty used under title I of the Elementary and Secondary Education Act of 1965.
Sec. 824. Study of late funding of elementary and secondary education programs.
Sec. 825. Safe school study.
Sec. 826. Study of athletic injuries.

PART C—AMENDMENTS TO THE HIGHER EDUCATION ACT OF 1965

Sec. 831. Community service and continuing education amendments.
Sec. 832. Developing institutions amendment.
Sec. 833. Bilingual education amendments.
Sec. 834. Veterans cost of instruction payments amendments.
Sec. 835. Teacher corps amendments.
Sec. 836. Amendment to title IX respecting training in the legal profession.
Sec. 837. Community college and occupational education amendment.

PART D—OTHER MISCELLANEOUS PROVISIONS

Sec. 841. Amendments to the Library Services and Construction Act and the Vocational Education Act of 1963 relating to bilingual education and vocational training.
Sec. 842. Assistance to States for State equalization plans.
Sec. 843. Treatment of Puerto Rico as a State.
Sec. 844. Provision relating to sex discrimination.
Sec. 845. Extension of advisory councils.
Sec. 846. Separability.

## GENERAL PROVISIONS

SEC. 2. (a) As used in this Act—
(1) the term "Secretary" means the Secretary of Health, Education, and Welfare;
(2) the term "Assistant Secretary" means the Assistant Secretary of Health, Education, and Welfare for Education; and
(3) the term "Commissioner" means the Commissioner of Education;
unless the context of such use requires another meaning.

(b) Unless otherwise specified, the redesignation of a title, part, section, subsection, or other designation by any amendment in this Act shall include the redesignation of all references to such title, part, section, subsection, or other designation in any Act or regulation, however styled.

(c)(1) Unless otherwise specified, each provision of this Act and each amendment made by this Act shall be effective on and after the sixtieth day after the enactment of this Act.

*(2) In any case where the effective date for an amendment made by this Act is expressly stated to be effective after June 30, 1973, or on July 1, 1973, such amendment shall be deemed to have been enacted on June 30, 1973.*

## TITLE I—AMENDMENTS TO THE ELEMENTARY AND SECONDARY EDUCATION ACT OF 1965

AMENDMENTS TO TITLE I OF THE ELEMENTARY AND SECONDARY EDUCATION ACT OF 1965—SPECIAL EDUCATIONAL PROGRAMS AND PROJECTS FOR EDUCATIONALLY DEPRIVED CHILDREN

SEC. 101. (a)(1) Section 102 of title I of the Elementary and Secondary Education Act of 1965 is amended to read as follows:

"DURATION OF ASSISTANCE

"SEC. 102. During the period beginning July 1, 1973, and ending June 30, 1978, the Commissioner shall, in accordance with the provisions of this title, make payments to State educational agencies for grants made on the basis of entitlements created under this title.".

(2)(A)(i)(I) Such title I is amended by inserting immediately after the heading of part A the following new heading:

"Subpart 1—Grants to Local Educational Agencies".

(II) Section 103(a) of such title I is amended to read as follows:

"SEC. 103. (a)(1) There is authorized to be appropriated for each fiscal year for the purpose of this paragraph 1 per centum of the amount appropriated for such year for payments to States under section 143(a) (other than payments under such section to jurisdictions excluded from the term 'State' by this subsection, and payments pursuant to section 124), and there shall be authorized to be appropriated such additional sums as will assure at least the same level of funding under this title as in fiscal year 1973 for Guam, American Samoa, the Virgin Islands, the Trust Territory of the Pacific Islands, and to the Secretary of the Interior for payments pursuant to paragraphs (1) and (2) of subsection (d). The amount appropriated pursuant to this paragraph shall be allotted by the Commissioner (A) among Guam, American Samoa, the Virgin Islands, and the Trust Territory of the Pacific Islands according to their respective need for grants under this part, and (B) to the Secretary of the Interior in the amount necessary (i) to make payments pursuant to paragraph (1) of subsection (d), and (ii) to make payments pursuant to paragraph (2) of subsection (d). The grant which a local educational agency in Guam, American Samoa, the Virgin Islands, and the Trust Territory of the Pacific Islands is eligible to receive shall be determined pursuant to such criteria as the Commissioner determines will best carry out the purposes of this title.

"(2) In any case in which the Commissioner determines that satisfactory data for that purpose are available, the grant which a local educational agency in a State shall be eligible to receive under this subpart for a fiscal year shall (except as provided in paragraph (3)) be determined by multiplying the number of children counted under subsection (c) by 40 per centum of the amount determined under the next sentence. The amount determined under this sentence shall be the

*resentatives an analysis of these reports and a compilation of statistical data derived therefrom.".*

*(b) The amendment made by subsection (a) shall be effective upon enactment of this Act.*

PROTECTION OF THE RIGHTS AND PRIVACY OF PARENTS AND STUDENTS

Sec. 513. *(a) Part C of the General Education Provisions Act is further amended by adding at the end thereof the following new section:*

"PROTECTION OF THE RIGHTS AND PRIVACY OF PARENTS AND STUDENTS

"Sec. 438. *(a) (1) No funds shall be made available under any applicable program to any State or local educational agency, any institution of higher education, any community college, any school, agency offering a preschool program, or any other educational institution which has a policy of denying, or which effectively prevents, the parents of students attending any school of such agency, or attending such institution of higher education, community college, school, preschool, or other educational institution, the right to inspect and review any and all official records, files, and data directly related to their children, including all material that is incorporated into each student's cumulative record folder, and intended for school use or to be available to parties outside the school or school system, and specifically including, but not necessarily limited to, identifying data, academic work completed, level of achievement (grades, standardized achievement test scores), attendance data, scores on standardized intelligence, aptitude, and psychological tests, interest inventory results, health data, family background information, teacher or counselor ratings and observations, and verified reports of serious or recurrent behavior patterns. Where such records or data include information on more than one student, the parents of any student shall be entitled to receive, or be informed of, that part of such record or data as pertains to their child. Each recipient shall establish appropriate procedures for the granting of a request by parents for access to their child's school records within a reasonable period of time, but in no case more than forty-five days after the request has been made.*

*"(2) Parents shall have an opportunity for a hearing to challenge the content of their child's school records, to insure that the records are not inaccurate, misleading, or otherwise in violation of the privacy or other rights of students, and to provide an opportunity for the correction or deletion of any such inaccurate, misleading, or otherwise inappropriate data contained therein.*

*"(b) (1) No funds shall be made available under any applicable program to any State or local educational agency, any institution of higher education, any community college, any school, agency offering a preschool program, or any other educational institution which has a policy of permitting the release of personally identifiable records or files (or personal information contained therein) of students without the written consent of their parents to any individual, agency, or organization, other than to the following—*

*"(A) other school officials, including teachers within the edu-*

cational institution or local educational agency who have legitimate educational interests;

"(B) officials of other schools or school systems in which the student intends to enroll, upon condition that the student's parents be notified of the transfer, receive a copy of the record if desired, and have an opportunity for a hearing to challenge the content of the record;

"(C) authorized representatives of (i) the Comptroller General of the United States, (ii) the Secretary, (iii) an administrative head of an education agency (as defined in section 409 of this Act), or (iv) State educational authorities, under the conditions set forth in paragraph (3) of this subsection; and

"(D) in connection with a student's application for, or receipt of, financial aid.

"(2) No funds shall be made available under any applicable program to any State or local educational agency, any institution of higher education, any community college, any school, agency offering a preschool program, or any other educational institution which has a policy or practice of furnishing, in any form, any personally identifiable information contained in personal school records, to any persons other than those listed in subsection (b)(1) unless—

"(A) there is written consent from the student's parents specifying records to be released, the reasons for such release, and to whom, and with a copy of the records to be released to the student's parents and the student if desired by the parents, or

"(B) such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency.

"(3) Nothing contained in this section shall preclude authorized representatives of (A) the Comptroller General of the United States, (B) the Secretary, (C) an administrative head of an education agency or (D) State educational authorities from having access to student or other records which may be necessary in connection with the audit and evaluation of Federally-supported education program, or in connection with the enforcement of the Federal legal requirements which relate to such programs: Provided, That, except when collection of personally identifiable data is specifically authorized by Federal law, any data collected by such officials with respect to individual students shall not include information (including social security numbers) which would permit the personal identification of such students or their parents after the data so obtained has been collected.

"(4)(A) With respect to subsections (c)(1) and (c)(2) and (c)(3), all persons, agencies, or organizations desiring access to the records of a student shall be required to sign a written form which shall be kept permanently with the file of the student, but only for inspection by the parents or student, indicating specifically the legitimate educational or other interest that each person, agency, or organization has in seeking this information. Such form shall be available to parents and to the school official responsible for record maintenance as a means of auditing the operation of the system.

"(B) With respect to this subsection, personal information shall only be transferred to a third party on the condition that such party will not permit any other party to have access to such information without the written consent of the parents of the student.

"(c) The Secretary shall adopt appropriate regulations to protect the rights of privacy of students and their families in connection with any surveys or data-gathering activities conducted, assisted, or authorized by the Secretary or an administrative head of an education agency. Regulations established under this subsection shall include provisions controlling the use, dissemination, and protection of such data. No survey or data-gathering activities shall be conducted by the Secretary, or an administrative head of an education agency under an applicable program, unless such activities are authorized by law.

"(d) For the purposes of this section, whenever a student has attained eighteen years of age, or is attending an institution of postsecondary education the permission or consent required of and the rights accorded to the parents of the student shall thereafter only be required of and accorded to the student.

"(e) No funds shall be made available under any applicable program unless the recipient of such funds informs the parents of students, or the students, if they are eighteen years of age or older, or are attending an institution of postsecondary education, of the rights accorded them by this section.

"(f) The Secretary, or an administrative head of an education agency, shall take appropriate actions to enforce provisions of this section and to deal with violations of this section, according to the provisions of this Act, except that action to terminate assistance may be taken only if the Secretary finds there has been a failure to comply with the provisions of this section, and he has determined that compliance cannot be secured by voluntary means.

"(g) The Secretary shall establish or designate an office and review board within the Department of Health, Education, and Welfare for the purpose of investigating, processing, reviewing, and adjudicating violations of the provisions of this section and complaints which may be filed concerning alleged violations of this section, according to the procedures contained in section 434 and 437 of this Act.".

(b)(1)(i) The provisions of this section shall become effective ninety days after the date of enactment of section 438 of the General Education Provisions Act.

(2)(i) This section may be cited as the "Family Educational Rights and Privacy Act of 1974".

### PROTECTION OF PUPIL RIGHTS

SEC. 514. (a) Part C of the General Education Provisions Act is further amended by adding after section 438 the following new section:

### "PROTECTION OF PUPIL RIGHTS

"SEC. 439. All instructional material, including teacher's manuals, films, tapes, or other supplementary instructional material which will be used in connection with any research or experimentation program or project shall be available for inspection by the parents or guardians of the children engaged in such program or project. For the purpose

(f) *Section 310(b) of the Adult Education Act is amended by adding at the end thereof the following new sentence: "Subject to section 448(b) of the General Education Provisions Act, the Council shall continue to exist until July 1, 1978.".*

(g) *Section 104(a) of the Vocational Education Act of 1963 is amended by adding at the end thereof the following new sentence: "Subject to section 448(b) of the General Education Provisions Act, the National Council shall continue to exist until July 1, 1976.".*

### SEPARABILITY

S*EC. 846. If any provision of, or any amendment made by, titles I and IV of this Act is held invaild by reason of being inconsistent with the Constitution, all provisions of this Act and amendments made by this Act which are separable from such invalid provision or amendment shall remain in effect. If any such provision or amendment is held invalid in one or more applications of such provision or amendment, such provision or amendment shall remain in effect in all valid applications which are separable from any such application.*

And the Senate agree to the same.

CLAIBORNE PELL.
HARRISON A. WILLIAMS.
JENNINGS RANDOLPH.
EDWARD M. KENNEDY.
WALTER E. MONDALE.
ALAN CRANSTON.
THOMAS F. EAGLETON.
WILLIAM D. HATHAWAY.
PETER H. DOMINICK,
JACOB K. JAVITS.
RICHARD S. SCHWEIKER,
J. GLENN BEALL,
ROBERT STAFFORD.
*Managers on the Part of the Senate.*

CARL D. PERKINS,
LLOYD MEEDS,
AUGUSTUS F. HAWKINS.
PATSY T. MINK,
SHIRLEY CHISHOLM.
WILLIAM LEHMAN,
JOHN BRADEMAS.
ALBERT H. QUIE.
ALPHONZO BELL.
EDWIN B. FORSYTHE,
WILLIAM A. STEIGER,
*Managers on the Part of the House.*

## JOINT EXPLANATORY STATEMENT OF THE COMMITTEE OF CONFERENCE

The managers on the part of the House and the Senate at the conference on the disagreeing votes of the two Houses on the amendment of the Senate to the bill (H.R. 69) to extend and amend the Elemen-

tary and Secondary Education Act of 1965, and for other purposes, submit the following joint statement to the House and the Senate in explanation to the effect of the action agreed upon by the managers and recommended in the accompanying conference report:

The Senate amendment struck out all of the House bill after the enacting clause and inserted a substitute text.

The House recedes from its disagreement to the amendment of the Senate with an amendment which is a substitute for the House bill and the Senate amendment. The differences between the House bill, the Senate amendment, and the substitute agreed to in conference are noted below, except for clerical corrections, conforming changes made necessary by agreements reached by the conferees, and minor drafting and clarifying changes.

### EXTENSION AND REVISION OF TITLE I OF THE ELEMENTARY AND SECONDARY EDUCATION ACT OF 1965

*Extension of program.*—The House bill extends title I of the Elementary and Secondary Education Act through fiscal year 1977. The Senate amendment extends title I through fiscal year 1978. The Senate amendment, but not the House bill, clarifies that the payments under title I are made on the basis of entitlements. The House recedes.

*Allocation of basic grants.*—The House bill authorizes an additional 1 percent of the funds for the outlying areas and the Bureau of Indian Affairs and holds all these jurisdictions harmless to the level of their allocations in fiscal year 1973. The House bill treats Puerto Rico as a State but limits its payment rate to 40 percent of the Commonwealth's per-pupil expenditure and limits Puerto Rico's allocation in fiscal year 1975 to one-half of the amount which it would otherwise be eligible to receive. The Senate amendment continues the exclusion of Puerto Rico from the definition of "State". The Senate amendment continues the existing 3 percent additional authorization for the outlying areas, the Bureau of Indian Affairs, and Puerto Rico, and holds all these jurisdictions harmless to the level of their allocations in fiscal year 1973.

Under the conference substitute, the provisions of the House bill with respect to the 1 percent authorization for the outlying areas and Bureau of Indian Affairs are retained, because Puerto Rico is to be treated as a State under title I, although (under a provision included in title VIII of the Amendments) Puerto Rico will receive 50 percent of its title I allotment in fiscal year 1975, and 75 percent of such allotment for each fiscal year thereafter.

Under the conference substitute, payments are made to the Secretary of the Interior for out-of-State Indian children in schools of local educational agencies which may not exceed 40 percent of the average per pupil expenditure in the State in which the agency is located or 120 percent of such expenditure in the United States, whichever is greater. The conferees intend that these percentages set the outer limits of such payments, and that they shall not be considered minimum payments.

The House bill makes the payment rates for the State agency programs for the handicapped, migratory children and neglected and

disapproval during periods of adjournment, and includes the Fund for Postsecondary Education, the National Institute of Education, and the prohibition of discrimination on the basis of sex provisions (title IX of P.L. 92-318) in these requirements. The Senate recedes.

The Senate amendment, but not the House bill, requires the Commissioner to submit to the authorizing committees a schedule for the promulgation of regulations within 30 days of the passage of legislation. Such schedule shall provide that all regulations shall be promulgated within 180 days of submission of the schedule. In cases of unforeseen delay, the Commissioner shall submit a new schedule, with the approval of the committees.

The conference substitute contains these provisions of the Senate amendment, but extends the time for submission of the schedule to 60 days.

*Administration of education programs and projects.*— The House bill extends existing provisions concerning record keeping by grantees and contractors. The Senate amendment extends the requirements to subcontractors and borrowers and vests authority in the Assistant Secretary. In addition, the Senate amendment limits to three years the period after completion of a project during which records must be kept for audit purposes.

The conference agreement adopts the provisions of the Senate amendment modifying the audit access period to conform it to the statute of limitations adopted by the conference substitute.

*Prohibition against discrimination against the handicapped.*—The House bill, but not the Senate amendment, prohibits discrimination on the basis of physical handicap in employment as a teacher in Federal programs.

The House recedes, because section 504 of the Vocational Rehabilitation Act of 1973, which is now in effect, prohibits such discrimination.

*Protection of the rights and privacy of parents and pupils.*—The House bill provides that the moral or legal rights of parents shall not be usurped. In addition, the House bill provides that no child shall participate in a research or experimentation program if his parent objects. The Senate amendment denies funds to institutions which deny parents the right to inspect their children's files and gives parents the right to a hearing to contest their child's school records. The Senate amendment also denies funds to institutions with policies of releasing records, without parental consent, to other than educational officials. Release of records is allowed only upon written parental consent. The Secretary is directed to adopt regulations to protect students' rights of privacy and shall enforce them through an office and review board in the Department of Health, Education, and Welfare to investigate and adjudicate violations.

The conference substitute adopts the provisions of the Senate amendment, including in the list of persons who should have the right to inspect student records those students who attend postsecondary institutions.

An exception under the conference substitute occurs in connection with a student's application for, or receipt of, financial aid. The conferees intend that this exception should allow the use of social security

numbers in connection with a student's application for, or receipt of, financial aid.

The conference substitute adds that nothing in these provisions of the Senate amendment shall preclude official audits of federally supported education programs, but that data so collected shall not be personally identifiable. The conference substitute also provides that the consent and rights of the parents of a student transfer to the student at age 18 or whenever he is attending a postsecondary education institution. No action to terminate assistance for violation of these provisions of the Senate amendment shall be taken unless the Secretary finds failure to comply, and that compliance cannot be secured by voluntary means.

The conference substitute also adopts the provisions of the House bill relating to protection of parental and pupil rights, with amendments. The conference substitute provides that all instructional material which will be used in connection with any research or experimentation program or project shall be available for inspection by parents or guardians.

In approving this provision concerning the privacy of information about students, the conferees are very concerned to assure that requests for information associated with evaluations of Federal education programs do not invade the privacy of students or pose any threat of psychological damage to them. At the same time, the amendment is not meant to deny the Federal government the information it needs to carry out the evaluations, as is clear from the sections of the amendment which give the Comptroller General and the Secretary of HEW access to otherwise private information about students. The need to protect students' rights must be balanced against legitimate Federal needs for information.

Under the amendment, an educational agency would have to administer a Federal test or project unless the anticipated invasion of privacy or potential harm was determined to be real and significant, as corroborated by a generally accepted body of opinion within the psychological and mental health professions. In short, the amendment is intended to protect the legitimate rights of students to be free from unwarranted intrusions; it is not intended to provide a blanket and automatic justification for a school system's refusal to administer achievement tests and related instruments necessary to the evaluation of an applicable program.

*Limitation on withholding of Federal funds.*—The Senate amendment, but not the House bill, prohibits the withholding of Federal assistance for a recipient's refusal to administer a test or provide personally identifiable data on the grounds of violation of rights of privacy and confidentiality, the unacceptability of the research project, or because the purpose is to alter personal behavior or values.

The conference substitute provides that a State or local educational agency or other educational institution may refuse to provide personally identifiable data on students or their families as a part of any applicable program on the grounds that it constitutes a violation of the right to privacy and confidentiality.

The conference substitute modifies this provision so that, in the case of any dispute arising under this section, reasonable notice and opportunity for a hearing shall be afforded the applicant.

In adopting the conference substitute with respect to this provision, the conferees note that personally identifiable data does include any such data which can easily be traced to students, such as social security numbers. In deleting the reference to administration of tests or projects, the Conferees have concluded that to make such a specific reference would be unnecessary, in view of the broad scope of the language pertaining to refusal to provide personally identifiable data on students or their families as part of an applicable program.

*Membership of statutory advisory councils.*—The House bill, but not the Senate amendment, provides that if the President fails to appoint a member of a Presidential education advisory council within sixty days after a vacancy occurs, the Secretary of HEW shall immediately appoint the member. The Senate recedes.

*Assistance to advisory councils.*—The Senate amendment, but not the House bill, vests authority for assistance to and regulations for Secretarial and Commissioner's advisory councils in the Assistant Secretary. Existing law vests such authority in the Commissioner. In addition, the Senate amendment limits compensation of employees of advisory councils to GS-18 for the executive director of a Presidential council and GS-15 for executive directors of other statutory councils. The House recedes.

This amendment should not be construed to give the Department of Health, Education, and Welfare or the Office of Education authority to classify in the civil service the staff positions on national advisory councils whose members are appointed by the President. If those positions must be classified, they should be classified by the executive directors of those councils, whose decision should be subject to review by the Civil Service Commission.

More broadly, as regards Presidential advisory councils, it is the intention of the conferees that these advisory councils be independent of the Office of Education and the Department of Health, Education, and Welfare. This independence is essential if these councils are to fulfill their function of conducting independent evaluations of the administration of education programs within their purview. The staffs of these councils should not be employees of the Office or of the Department. Such status would seriously jeopardize the independence of these advisory councils.

*Presidential advisory councils.*—The House bill, but not the Senate amendment, provides that the provisions of the Federal Advisory Committee Act relating to the setting of meeting times and adjournment of meetings shall not apply to Presidential advisory councils. The Senate recedes.

*Auditing and review of advisory council activities.*—The Senate amendment, but not the House bill, applies the audit and review provisions to all advisory councils covered by part D. Existing law limits coverage to statutory advisory councils. The House recedes.

*Applicability of other law to advisory councils.*—The Senate amendment, but not the House bill, provides that the provisions of part D supersede any other provisions of law inconsistent with part D. The House recedes.

*Bureau of Libraries and Learning Resources.*—The Senate amendment establishes within the Office of Education a Bureau of Libraries

and Learning Resources through which the Commissioner shall administer all programs relating to assistance for, and encouragement of, libraries and information centers and education technology.

The House bill contains no comparable provision. The House recedes with an amendment creating an Office of Libraries and Learning Resources and eliminating the supergrade positions.

*Rights of parents and pupils—open meetings.*—The House bill provides that meetings of local educational agencies at which any research or experimentation project assisted under the Act is considered shall be open to the public and shall provide a reasonable opportunity for interested members of the public to testify. The Senate amendment provides that no application for assistance under ESEA may be considered unless the local educational agency certifies that members of the public have been afforded the opportunity, upon reasonable notice, to testify or comment. The House recedes.

### ADULT EDUCATION ACT

*Special experimental demonstration projects and teacher training.*—The House bill eliminates the reservation, from funds appropriated for the Adult Education Act, of amounts for special project and teacher training grants made directly by the Commissioner. The Senate amendment reduces from 20 percent to 15 percent the maximum amount which the Commissioner may reserve for such purposes, effective for fiscal years 1975 and thereafter. Since the House bill repeals the authority for the Commissioner to make direct grants for innovative programs and for teacher training, it requires the States to use 15% of their funds for such purposes. However, no programs approved prior to the effective date of these amendments shall be terminated due to this amendment.

The Senate amendment, while retaining the Commissioner's authority to make direct grants, requires him to establish procedures under which State educational agencies will have the opportunity to offer recommendations to the grant recipient and to submit comments to the Commissioner. The Senate recedes on all of these provisions including the provision that multi-year programs approved by the Commissioner from the funds available to him under Section 309 must continue to be funded after the termination of the Commissioner's discretionary authority under that section until the expiration of the term of the grant or contract.

The Senate amendment, but not the House bill, broadens the list of eligible recipients for the Commissioner's discretionary funds to include agencies conducting community school programs, and adds a definition of a "community school program" to the definitions contained in section 303 of the Adult Education Act. The House bill contains no comparable provision.

The House recedes, with an amendment providing that the "other community services" provided under such programs must be related to educational, recreational, and cultural services.

*News State plan requirements.*—Both the House bill and the Senate amendment add a requirement to the State plan provision of the Adult Education Act, requiring that such plan provide for coordination with manpower development and training programs and oc-

The Senate recedes.

*Statute of limitations.*—The House bill adds to the Elementary and Secondary Education Act of 1965 a section providing that no State or local educational agency shall be liable to refund any payment made to it under such Act which was subsequently determined to be not authorized by law, if such payment was made more than five years before the agency is given final written notice that such payment has been determined to be unauthorized. The Senate recedes.

*Ethnic Heritage Studies Centers.*—The Senate amendment amends title IX of the Elementary and Secondary Education Act of 1965 to extend the program of support for ethnic heritage studies centers through fiscal year 1978, and clarifies the recipients and types of activity to be funded.

The House bill does not extend this program. The House recedes.

> CLAIBORNE PELL,
> HARRISON A. WILLIAMS,
> JENNINGS RANDOLPH,
> EDWARD M. KENNEDY,
> WALTER F. MONDALE,
> ALAN CRANSTON,
> THOMAS F. EAGLETON,
> WILLIAM D. HATHAWAY,
> PETER H. DOMINICK,
> JACOB K. JAVITS,
> RICHARD S. SCHWEIKER,
> J. GLENN BEALL, Jr.,
> ROBERT T. STAFFORD,
> *Managers on the Part of Senate.*
> CARL D. PERKINS,
> LLOYD MEEDS,
> AUGUSTUS F. HAWKINS,
> PATSY T. MINK,
> SHIRLEY CHISHOLM,
> WILLIAM LEHMAN,
> JOHN BRADEMAS,
> ALBERT H. QUIE,
> ALPHONSO BELL,
> EDWIN B. FORSYTHE,
> WILLIAM A. STEIGER,
> *Managers on the Part of the House.*

○

# CIVIL DIVISION TRIPSHEET

Please fill in all blanks.

| | | |
|---|---|---|
| **Sender's Special Instructions and Deadline Information (date/time):** | | |

**PICKUP FROM**

| Name | Telephone Number |
|---|---|
| Adriana Vecchio | (202) 616-8491 |

| Organization   Civil, Federal Programs Branch |
|---|

| Address  20Mass | Room Number |
|---|---|
| | 6101B |

**DELIVER TO**

| Name | Telephone Number |
|---|---|
| | |

| Organization |
|---|
| |

| Address | Room Number |
|---|---|
| | |

****************FOR MAIL ROOM USE ONLY****************

Messenger's Signature

Problems with Pick-up/Delivery

**Overtime Information:**
Authorization received from _____

Driver's/Messenger's signature _____

No. of hours worked _____   Time mail rec'd _____   Time mail delivered _____

Recipient's Signature (Required)          Date/Time Received (Required)

*CIVIL DIVISION MAIL ROOM - 307-0357*