jobs for unemployed persons in eligible areas. Within 30 days of the receipt of such recommendations the Secretary of Commerce and the Secretary of Labor shall jointly review such recommendations, and the Secretary of Commerce shall after consultation with such department, agency, instrumentality, and regional commissions, make allocations of funds in accordance with section 1003(e) of this title.

## "LIMITATIONS ON USE OF FUNDS

"Sec. 1005. Fifty per centum of the funds appropriated pursuant to section 1007 of this title shall be available only for programs and projects in which not more than 25 percent of such funds will be expended for necessary non-labor costs.   42 USC 3246d.

## "RULES AND REGULATIONS

"Sec. 1006. The Secretary of Commerce shall prescribe such rules, regulations, and procedures to carry out the provisions of this title as will assure that adequate consideration is given to the relative needs of applicants for assistance in rural eligible areas and the relative needs of applicants for assistance in urban eligible areas and to any equitable distribution of funds authorized under this title between rural and urban eligible applicants.   42 USC 3246e.

## "AUTHORIZATION OF APPROPRIATIONS

"Sec. 1007. There are authorized to be appropriated $500,000,000 for the fiscal year 1975 to carry out the provisions of this title, except that no further obligation of funds appropriated under this section may be made subsequent to a determination that the national average rate of unemployment has receded below 6.5 per centum for three consecutive calendar months as determined by the Secretary of Labor. Any amounts so appropriated for such fiscal year which are not obligated prior to the end of such fiscal year shall remain available for obligation until December 31, 1975.   42 USC 3246f.

## "TERMINATION DATE

"Sec. 1008. Notwithstanding any other provision of this title, no further obligation of funds appropriated under this title shall be made by the Secretary of Commerce after December 31, 1975."   42 USC 3246g.

"Sec. 302. Section 712 of the Public Works and Economic Development Act of 1965 is amended by striking "or 403" and inserting in lieu thereof "403, 903, and 1003".   42 USC 3222.

Approved December 31, 1974.

Public Law 93-568

JOINT RESOLUTION

To authorize and request the President to call a White House Conference on Library and Information Services not later than 1978, and for other purposes.

December 31, 1974
[S. J. Res. 40]

Whereas access to information and ideas is indispensable to the development of human potential, the advancement of civilization, and the continuance of enlightened self-government; and



EXHIBIT E

Whereas the preservation and the dissemination of information and ideas are the primary purpose and function of libraries and information centers; and

Whereas the growth and augmentation of the Nation's libraries and information centers are essential if all Americans are to have reasonable access to adequate services of libraries and information centers; and

Whereas new achievements in technology offer a potential for enabling libraries and information centers to serve the public more fully, expeditiously, and economically; and

Whereas maximum realization of the potential inherent in the use of advanced technology by libraries and information centers requires cooperation through planning for, and coordination of, the services of libraries and information centers; and

Whereas the National Commission on Libraries and Information Science is developing plans for meeting national needs for library and information services and for coordinating activities to meet those needs; and

Whereas productive recommendations for expanding access to libraries and information services will require public understanding and support as well as that of public and private libraries and information centers: Now, therefore, be it

White House Conference on Library and Information Services. Authorization.

*Resolved by the Senate and House of Representatives of the United States of America in Congress assembled,* That (a) the President of the United States is authorized to call a White House Conference on Library and Information Services not later than 1978.

(b) (1) The purpose of the White House Conference on Library and Information Services (hereinafter referred to as the "Conference") shall be to develop recommendations for the further improvement of the Nation's libraries and information centers and their use by the public, in accordance with the policies set forth in the preamble to this joint resolution.

(2) The Conference shall be composed of, and bring together—

   (A) representatives of local, statewide, regional, and national institutions, agencies, organizations, and associations which provide library and information services to the public;

   (B) representatives of educational institutions, agencies, organizations, and associations (including professional and scholarly associations for the advancement of education and research);

   (C) persons with special knowledge of, and special competence in, technology as it may be used for the improvement of library and information services; and

   (D) representatives of Federal, State, and local governments, professional and lay people, and other members of the general public.

(c) (1) The Conference shall be planned and conducted under the direction of the National Commission on Libraries and Information Science (hereinafter referred to as the "Commission").

(2) In administering this joint resolution, the Commission shall—

(A) when appropriate, request the cooperation and assistance of other Federal departments and agencies in order to carry out its responsibilities;

(B) make technical and financial assistance (by grant, contract, or otherwise) available to the States to enable them to organize and conduct conferences and other meetings in order to prepare for the Conference; and

(C) prepare and make available background materials for the use of delegates to the Conference and associated State conferences, and prepare and distribute such reports of the Conference and associated State conferences as may be appropriate.

(3)(A) Each Federal department and agency is authorized and directed to cooperate with, and provide assistance to, the Commission upon its request under clause (A) of paragraph (2). For that purpose, each Federal department and agency is authorized to provide personnel to the Commission. The Commission shall be deemed to be a part of any executive or military department of which a request is made under clause (A) of paragraph (2).

(B) The Librarian of Congress is authorized to detail personnel to the Commission, upon request, to enable the Commission to carry out its functions under this joint resolution.

(4) In carrying out the provisions of this joint resolution, the Commission is authorized to engage such personnel as may be necessary, without regard for the provisions of title 5, United States Code, governing appointments in the competitive civil service, and without regard for chapter 51, and subchapter III of chapter 53 of such title relating to classification and General Schedule pay rates. [5 USC 101 et seq.] [5 USC 5101, 5331.]

(5) The Commission is authorized to publish and distribute for the Conference the reports authorized under this joint resolution.

(6) Members of the Conference may, while away from their homes or regular places of business and attending the Conference, be allowed travel expenses, including per diem in lieu of subsistence, as may be allowed under section 5703 of title 5, United States Code, for persons serving without pay. Such expenses may be paid by way of advances, reimbursement, or in installments as the Commission may determine. [Travel expenses, per diem.]

(d) A final report of the Conference, containing such findings and recommendations as may be made by the Conference, shall be submitted to the President not later than one hundred and twenty days following the close of the Conference, which final report shall be made public and, within ninety days after its receipt by the President, transmitted to the Congress together with a statement of the President containing the President's recommendations with respect to such report. [Report to President, transmittal to Congress.]

(e)(1) There is hereby established a twenty-eight member advisory committee of the Conference composed of (A) at least three members of the Commission designated by the Chairman thereof; (B) five persons designated by the Speaker of the House of Representatives with no more than three being members of the House of Representatives; (C) five persons designated by the President pro tempore of the Senate with no more than three being members of the Senate; and (D) not more than fifteen persons appointed by the President. Such advisory committee shall assist and advise the Commission in planning and conducting the Conference. The Chairman of the Commission shall serve as Chairman of the Conference. [Advisory committee. Establishment.]

(2) The Chairman of the Commission is authorized, in his discretion, to establish, prescribe functions for, and appoint members to, such advisory and technical committees as may be necessary to assist and advise the Conference in carrying out its functions.

Compensation.

5 USC 5332 note.

(3) Members of any committee established under this subsection who are not regular full-time officers or employees of the United States shall, while attending to the business of the Conference, be entitled to receive compensation therefor at a rate fixed by the President but not exceeding the rate of pay specified at the time of such service for grade GS–18 in section 5332 of title 5, United States Code, including traveltime. Such members may, while away from their homes or regular places of business, be allowed travel expenses, including per diem in lieu of subsistence, as may be authorized under section 5703 of title 5, United States Code, for persons in the Government service employed intermittently.

(f) The Commission shall have authority to accept, on behalf of the Conference, in the name of the United States, grants, gifts, or bequests of money for immediate disbursement by the Commission in furtherance of the Conference. Such grants, gifts, or bequests offered the Commission, shall be paid by the donor or his representative to the Treasurer of the United States, whose receipts shall be their acquittance. The Treasurer of the United States shall enter such grants, gifts, and bequests in a special account to the credit of the Commission for the purposes of this joint resolution.

"State."

(g) For the purpose of this joint resolution, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, Guam, American Samoa, the Virgin Islands, and the Trust Territory of the Pacific Islands.

Appropriation.

(h) There are authorized to be appropriated without fiscal year limitations such sums, but not to exceed $3,500,000, as may be necessary to carry out this joint resolution. Such sums shall remain available for obligation until expended.

Privacy of parents and students.
Ante, p. 571.

SEC. 2. (a)(1)(A) The first sentence of section 438(a)(1) of the General Education Provisions Act is amended by striking out "State and local educational agency, any institution of higher education, any community college, any school agency offering a preschool program, or any other educational institution" and inserting in lieu thereof "educational agency or institution".

(B) Such first sentence is amended by striking out "attending any school of such agency, or attending such institution of higher education, community college, school, preschool, or other educational institution" and inserting in lieu thereof "who are or have been in attendance at a school of such agency or at such institution, as the case may be".

(C) The third sentence of such section is amended by striking out "recipient" and inserting in lieu thereof "educational agency or institution".

(D) Paragraph (1) of section 438(b) of such Act is amended by striking out "State or local educational agency, any institution of higher education, any community college, any school, agency offering a preschool program, or any other educational institution" and inserting in lieu thereof "educational agency or institution".

(E) Paragraph (2) of such section is amended by striking out "State and local educational agency, any institution of higher education, any community college, any school, agency offering a preschool program, or any other educational institution" and inserting in lieu thereof "educational agency or institution".

(F) Subsection (e) of section 438 of such Act is amended by striking out "unless the recipient of such funds" and inserting in lieu thereof "to any educational agency or institution unless such agency or institution".

(G) Section 438(a) of such Act is amended by inserting at the end thereof the following new paragraph:

*Ante,* p. 571.

"(3) For the purposes of this section the term 'educational agency or institution' means any public or private agency or institution which is the recipient of funds under any applicable program.".

"Educational agency or institution."

(2)(A) The first sentence of section 438(a)(1) of such Act is amended by striking out "any and all official records, files, and data directly related to their children, including all material that is incorporated into each student's cumulative record folder, and intended for school use or to be available to parties outside the school or school system, and specifically including, but not necessarily limited to, identifying data, academic work completed, level of achievement (grades, standardized achievement test scores), attendance data, scores on standardized intelligence, aptitude, and psychological tests, interest inventory results, health data, family background information, teacher or counselor ratings and observations, and verified reports of serious or recurrent behavior patterns." and inserting in lieu thereof "the education records of their children.".

(B)(i) The second sentence of such section is amended by striking out "Where such records or data include" and inserting in lieu thereof "If any material or document in the education record of a student includes".

(ii) Such second sentence is amended by striking out "any student shall be entitled to receive, or be informed of, that part of such record or data as pertains to their child" and inserting in lieu thereof "one of such students shall have the right to inspect and review only such part of such material or document as relates to such student or to be informed of the specific information contained in such part of such material".

(C) The third sentence of such section is amended by striking out "their child's school records" and inserting in lieu thereof "the education records of their children".

(D) Section 438(b)(1) of such Act is amended by striking out "personally identifiable records or files (or personal information contained therein)" and inserting in lieu thereof "education records (or personally identifiable information contained therein other than directory information, as defined in paragraph (5) of subsection (a))".

(E) Paragraph (2) of such section is amended by striking out "furnishing, in any form, any personally identifiable information contained in personal school records, to any persons other than those listed in subsection (b)(1)" and inserting in lieu thereof "releasing, or providing access to, any personally identifiable information in education records other than directory information, or as is permitted under paragraph (1) of this subsection.".

(F) Section 438(a) of such Act is amended by adding at the end thereof the following new paragraphs:

"(4)(A) For the purposes of this section, the term 'education records' means, except as may be provided otherwise in subparagraph (B), those records, files, documents, and other materials which—

"Education records."

"(i) contain information directly related to a student; and

"(ii) are maintained by an educational agency or institution or by a person acting for such agency or institution.

"(B) The term 'education records' does not include—

"(i) records of instructional, supervisory, and administrative personnel and educational personnel ancillary thereto which are in the sole possession of the maker thereof and which are not accessible or revealed to any other person except a substitute;

"(ii) if the personnel of a law enforcement unit do not have access to education records under subsection (b)(1), the records

and documents of such law enforcement unit which (I) are kept apart from records described in subparagraph (A), (II) are maintained solely for law enforcement purposes, and (III) are not made available to persons other than law enforcement officials of the same jurisdiction;

"(iii) in the case of persons who are employed by an educational agency or institution but who are not in attendance at such agency or institution, records made and maintained in the normal course of business which relate exclusively to such person in that person's capacity as an employee and are not available for use for any other purpose; or

"(iv) records on a student who is eighteen years of age or older, or is attending an institution of postsecondary education, which are made or maintained by a physician, psychiatrist, psychologist, or other recognized professional or paraprofessional acting in his professional or paraprofessional capacity, or assisting in that capacity, and which are made, maintained, or used only in connection with the provision of treatment to the student, and are not available to anyone other than persons providing such treatment, except that such records can be personally reviewed by a physician or other appropriate professional of the student's choice.

"Directory information."

"(5)(A) For the purposes of this section the term 'directory information' relating to a student includes the following: the student's name, address, telephone listing, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous educational agency or institution attended by the student.

"(B) Any educational agency or institution making public directory information shall give public notice of the categories of information which it has designated as such information with respect to each student attending the institution or agency and shall allow a reasonable period of time after such notice has been given for a parent to inform the institution or agency that any or all of the information designated should not be released without the parent's prior consent.".

*Ante, p. 571.*

(3) Section 438(a)(1) of such Act is amended by inserting "(A)" after section "SEC. 438. (a)(1)" and adding at the end thereof the following new subparagraph:

Certain materials, availability to students in postsecondary institutions, restriction.

"(B) The first sentence of subparagraph (A) shall not operate to make available to students in institutions of postsecondary education the following materials:

"(i) financial records of the parents of the student or any information contained therein;

"(ii) confidential letters and statements of recommendation, which were placed in the education records prior to January 1, 1975, if such letters or statements are not used for purposes other than those for which they were specifically intended;

"(iii) if the student has signed a waiver of the student's right of access under this subsection in accordance with subparagraph (C), confidential recommendations—

"(I) respecting admission to any educational agency or institution,

"(II) respecting an application for employment, and

"(III) respecting the receipt of an honor or honorary recognition.

Waiver.

"(C) A student or a person applying for admission may waive his right of access to confidential statements described in clause (iii) of subparagraph (B), except that such waiver shall apply to recommendations only if (i) the student is, upon request, notified of the

names of all persons making confidential recommendations and (ii) such recommendations are used solely for the purpose for which they were specifically intended. Such waivers may not be required as a condition for admission to, receipt of financial aid from, or receipt of any other services or benefits from such agency or institution.".

(4)(A) Paragraph (2) of section 438(a) is amended by striking out that part thereof which precedes "to insure" and inserting in lieu thereof the following: "No funds shall be made available under any applicable program to any educational agency or institution unless the parents of students who are or have been in attendance at a school of such agency or at such institution are provided an opportunity for a hearing by such agency or institution, in accordance with regulations of the Secretary, to challenge the content of such student's education records, in order". *Ante,* p. 571.

(B) Such paragraph (2) is amended by inserting before the period at the end thereof the following: "and to insert into such records a written explanation of the parents respecting the content of such records".

(5) Section 438(a) of such Act is amended by adding at the end thereof the following new paragraph:

"(6) For the purposes of this section, the term 'student' includes any person with respect to whom an educational agency or institution maintains education records or personally identifiable information, but does not include a person who has not been in attendance at such agency or institution.". "Student."

(6) Section 438(b)(1) of such Act is amended by striking out "and" at the end of clause (C), by striking out the period at the end of clause (D) and inserting in lieu thereof a semicolon, and by adding at the end thereof the following new clauses: Records, access.

"(E) State and local officials or authorities to whom such information is specifically required to be reported or disclosed pursuant to State statute adopted prior to November 19, 1974;

"(F) organizations conducting studies for, or on behalf of, educational agencies or institutions for the purpose of developing, validating, or administering predictive tests, administering student aid programs, and improving instruction, if such studies are conducted in such a manner as will not permit the personal identification of students and their parents by persons other than representatives of such organizations and such information will be destroyed when no longer needed for the purpose for which it is conducted;

"(G) accrediting organizations in order to carry out their accrediting functions;

"(H) parents of a dependent student of such parents, as defined in section 152 of the Internal Revenue Code of 1954; and 26 USC 152.

"(I) subject to regulations of the Secretary, in connection with an emergency, appropriate persons if the knowledge of such information is necessary to protect the health or safety of the student or other persons.
Nothing in clause (E) of this paragraph shall prevent a State from further limiting the number or type of State or local officials who will continue to have access thereunder.".

(7) Section 438 (g) of such Act is amended by adding at the end thereof the following new sentence: "Except for the conduct of hearings, none of the functions of the Secretary under this section shall be carried out in any of the regional offices of such Department.". *Ante,* p. 571.

(8)(A) Paragraph (1) of section 438(b) of such Act is amended by inserting "or practice" after "which has a policy".

*Ante,* p. 571.

(B) Clause (A) of section 438(b)(1) of such Act is amended by striking out "who" and inserting in lieu thereof ", who have been determined by such agency or institution to".

(C) Clause (B) of such section 438(b)(1) is amended by inserting "seeks or" after "student".

Records, accessibility for audit.

(D) The proviso in paragraph 3 of section 438(b) of such Act is amended to read as follows: "*Provided,* That except when collection of personally identifiable information is specifically authorized by Federal law, any data collected by such officials shall be protected in a manner which will not permit the personal identification of students and their parents by other than those officials, and such personally identifiable data shall be destroyed when no longer needed for such audit, evaluation, and enforcement of Federal legal requirements".

(9) Paragraph (4)(A) of section 438(b) of such Act is amended to read as follows:

Recordkeeping.

"(4)(A) Each educational agency or institution shall maintain a record, kept with the education records of each student, which will indicate all individuals (other than those specified in paragraph (1)(A) of this subsection), agencies, or organizations which have requested or obtained access to a student's education records maintained by such educational agency or institution, and which will indicate specifically the legitimate interest that each such person, agency, or organization has in obtaining this information. Such record of access shall be available only to parents, to the school official and his assistants who are responsible for the custody of such records, and to persons or organizations authorized in, and under the conditions of, clauses (A) and (C) of paragraph (1) as a means of auditing the operation of the system.".

(10)(A) Clause (C) of section 438(b)(1) of such Act is amended by striking out "section 409 of this Act" and inserting in lieu thereof "section 408(c)".

*Ante,* p. 559.

(B) Section 438(g) of such Act is amended by striking out ", according to the procedures contained in sections 434 and 437 of this Act".

Effective date.
20 USC 1232g note.

(b) The amendments made by subsection (a) shall be effective, and retroactive to, November 19, 1974.

20 USC 1681.

Sec. 3. (a) Section 901(a) of the Education Amendments of 1972 is amended by striking out "and" at the end of clause (4) thereof and by striking out the period at the end of clause (5) thereof and inserting in lieu thereof "; and", and by inserting at the end thereof the following new clause:

Discrimination based on sex.

"(6) This section shall not apply to membership practices—

"(A) of a social fraternity or social sorority which is exempt from taxation under section 501(a) of the Internal Revenue Code of 1954, the active membership of which consists primarily of students in attendance at an institution of higher education, or

26 USC 501.

"(B) of the Young Men's Christian Association, Young Women's Christian Association, Girl Scouts, Boy Scouts, Camp Fire Girls, and voluntary youth service organizations which are so exempt, the membership of which has traditionally been limited to persons of one sex and principally to persons of less than nineteen years of age."

Effective date.
20 USC 1681 note.

(b) The provisions of the amendment made by subsection (a) shall be effective on, and retroactive to, July 1, 1972.

Approved December 31, 1974.