Civil Action No. 1:12-cv-00327 (ABJ)

EXHIBIT E

Case 1:12-cv-00327-ABJ   Document 20-6   Filed 01/18/13   Page 1 of 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES DEPARTMENT, OF EDUCATION <br><br> Defendant. | ) ) ) ) ) ) ) Civil Action No: 1:12-cv-00327 (ABJ) ) ) ) ) ) ) |

## DECLARATION OF MARC ROTENBERG

I, Marc Rotenberg, declare as follows:

1. I am President and Executive Director for the Plaintiff Electronic Privacy Information Center ("EPIC").

2. Plaintiff EPIC is a non-profit corporation located in Washington, D.C. EPIC is a public interest research center, which was established in 1994 to focus public attention on emerging civil liberties issues and to protect privacy, the First Amendment, and other constitutional values. EPIC has a particular interest in preserving privacy safeguards established by Congress, including the Family Educational Rights and Privacy Act of 1974 ("FERPA"),. EPIC pursues a wide range of activities designed to protect privacy and educate the public, including policy research, public speaking, conferences, media appearances, publications, litigation, and comments for administrative and legislative bodies regarding the protection of privacy.

3. I am a member in good standing of the Bar of the District of Columbia (admitted 1990), the Bar of Massachusetts (1987), the U.S. Supreme Court (1991), the U.S. Court of Appeals—1st Circuit (2005), the U.S. Court of Appeals—2nd Circuit (2010), the U.S. Court of Appeals—3rd

Circuit (1991), the U.S. Court of Appeals—4th Circuit (1992), the U.S. Court of Appeals—5th Circuit (2005), the U.S. Court of Appeals—7th Circuit (2011), the U.S. Court of Appeals—9th Circuit (2011), and the U.S. Court of Appeals—D.C. Circuit (1991).

4. I am the coauthor of *Information Privacy Law* (Aspen 2007), a leading casebook on privacy law, and coeditor of *Litigation Under the Federal Open Government Laws* (EPIC 2010), a leading practice manual on the Freedom of Information Act.

5. I am Adjunct Professor at Georgetown University Law Center where I have taught Information Privacy Law continuously since 1990.

6. In my capacity as President and Executive Director, I have supervised both EPIC's response to the Department's rulemaking and EPIC's participation in all stages of litigation in the above-captioned matter.

7. The statements contained in this declaration are based on my own personal knowledge.

8. The purpose of this declaration is to provide facts relevant to plaintiff EPIC's standing to bring suit in this case. First, this declaration provides facts related to EPIC's work from April 8, 2011 to September 6, 2011, the period between the Department's Notice of Proposed Rulemaking and the arrival of Khaliah Barnes as Administrative Law Counsel. Second, this declaration describes the role of the EPIC Advisory Board and the EPIC Board of Directors.

**EPIC's Resource Expenditures in Response to Defendant's Activities**

9. From April 8, 2011, to September 6, 2011, EPIC has expended resources on the following activities designed to counteract the privacy risks created by the Department:

10. **Administrative comments.** On May 23, 2011, EPIC filed detailed comments in response to the Department's Notice of Proposed Rulemaking. EPIC's comments to agency were 19 pages long and included 85 footnotes. These comments were drafted under my supervision by EPIC

Appellate Advocacy Fellow Conor Kennedy and EPIC Of Counsel Thomas H. Moore. These comments were drafted from April 8, 2011, to May 23, 2011, and required substantial attention from the attorneys involved during that time.

11. **Inquiries from the press and the public.** During the time period covered by this declaration, I estimate that EPIC received 10 inquiries from members of the press and interested members of the public related to the Department's activities on student privacy. These inquiries took the form of telephone calls and emails to members of the EPIC staff. I estimate that processing and responding to each call took an average time of 20 minutes.

12. **Website updates and newsletter**. During the time period covered by this declaration, EPIC produced a Homepage item and an *EPIC Alert* item related to the Department's activities, and regularly updated EPIC's "Student Privacy" website, https://epic.org/privacy/student/. "Homepage items" are short news summaries that are posted to the epic.org homepage. The *EPIC Alert* is an online newsletter distributed bi-weekly via email to thousands of subscribers, and has been published continuously since 1994. These items served to educate the public and the press about FERPA and the privacy risks surrounding the Department's activities. The content of each item related to, and was in response to, the Department's proposed rule.

13. If EPIC had not conducted the above activities, the organization would have been able to redirect the resources involved to other projects and activities, such as EPIC's amicus project, Freedom of Information Act (FOIA) requests and FOIA litigation, publications, other administrative rulemakings, or press and public outreach.

**EPIC Advisory Board and Board of Directors**

14. EPIC works with a fourteen-member Board of Directors and an Advisory Board consisting of over 50 experts drawn from the information law, computer science, civil liberties and privacy communities.

15. Members of the EPIC Board of Directors manage the organization and participate in the selection of the Advisory Board.

16. Members of the EPIC Board of Directors and EPIC Advisory Board must formally commit to joining the organization, and to supporting the mission of the organization.

17. Members of the EPIC Board of Directors and EPIC Advisory Board make financial contributions to support the work of the organization.

18. Members of the EPIC Board of Directors and the EPIC Advisory Board routinely assist with EPIC's substantive work. For example, members provide advice on EPIC's projects, speak at EPIC conferences, and sign-on to EPIC amicus briefs.

19. Members of the EPIC Board of Directors and the EPIC Advisory Board often recommend individuals for EPIC's clerkship and fellowship programs, and many of these individuals later assume staff positions with the organization.

Under penalty of perjury, I declare that the foregoing is true and correct to the best of my knowledge and belief.

Executed this _18_ day of January, 2013

_____
Marc Rotenberg
President and Executive Director, EPIC