Civil Action No. 1:12-cv-00327 (ABJ)

EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT, OF EDUCATION<br><br>Defendant. | ) ) ) ) ) ) ) Civil Action No: 1:12-cv-00327 (ABJ) ) ) ) ) ) ) |

## DECLARATION OF KHALIAH BARNES

I, KHALIAH N. BARNES, of full age, hereby declare to the best of my knowledge and belief:

1. I am Administrative Law Counsel for the Plaintiff Electronic Privacy Information Center ("EPIC").

2. Plaintiff EPIC is a non-profit corporation located in Washington, D.C. EPIC is a public interest research center, which was established in 1994 to focus public attention on emerging civil liberties issues and to protect privacy, the First Amendment, and other constitutional values. EPIC has a particular interest in preserving privacy safeguards established by Congress, including the Family Educational Rights and Privacy Act of 1974 ("FERPA"),. EPIC pursues a wide range of activities designed to protect privacy and educate the public, including policy research, public speaking, conferences, media appearances, publications, litigation, and comments for administrative and legislative bodies regarding the protection of privacy.

3. I am a member in good standing of the Maryland State Bar. My admission to the Bar of the District of Columbia is pending.

4. In my capacity as Administrative Law Counsel, I research proposed federal agency privacy regulations that pertain to government collection, retention, and dissemination of personal information. Under the notice and comment rulemaking process prescribed by the Administrative Procedure Act, I submit extensive administrative agency comments to various federal agencies and agency components, including the Department of Education, the Department of Homeland Security, and the Department of Justice. Under the supervision of and in conjunction with Marc Rotenberg (DC Bar # 422825), I have participated substantially at all stages of litigation in the above-captioned matter.

5. The statements contained in this declaration are based on my own personal knowledge.

6. The purpose of this declaration is to provide facts relevant to plaintiff EPIC's standing to bring suit in this case.

7. In September 2011, I began a fellowship with EPIC. Shortly after joining EPIC, I began to focus on administrative law issues. I also developed an interest in student privacy, and familiarized myself with EPIC's previous work in this area, including comments on the Department's proposed FERPA Rule, filed on May 23, 2011.

8. On December 2, 2011, I learned via the Federal Register that the Department had issued the Final Rule.

9. On February 29, 2012, EPIC and the four named plaintiffs, Grayson Barber, Pablo Garcia Molina, Peter Neumann, and Deborah Peel, all members of the Advisory Board and Board of Directors, filed this lawsuit.

10. Under the supervision of and in conjunction with Marc Rotenberg, I have researched,

drafted, and filed EPIC's motions in the case, and have participated in meetings and correspondences related to those filings and to EPIC litigating this case.

11. Apart from litigation-related resource expenditures, I have also devoted my time and expertise to educating the public on the privacy risks created by the Final Rule:

12. **Telephone calls.** From the time the Final Rule was promulgated on December 2, 2011, through January 2013, I estimate on average that I responded to 2 - 4 telephone calls per month. I estimate that each call lasted an average of 20 minutes. These calls were initiated by education activists, media organizations, and the public generally. Although, the subject matter of the calls concerned a variety of education privacy topics, the primary focus was on the Department's Final Rule.

13. **Emails.** From the time the Final Rule was promulgated on December 2, 2011, through January 2013, I exchanged approximately 14 emails concerning the Department's Final Rule. Although, the subject matter of the calls concerned a variety of education privacy topics, the primary focus was on the Department's Final Rule.

14. **In-person meetings.** From the time the Final Rule was promulgated on December 2, 2011, through January 2013, I attended one in-person meeting where the primary focus was on the Department's Final Rule. The meeting lasted approximately 1 hour. This meeting involved education activists who had previously inquired about the Department's Final Rule. Although, the subject matter of the calls concerned a variety of education privacy topics, the primary focus was on the Department's Final Rule.

15. **Website updates and newsletter.** From the time the Final Rule was promulgated on December 2, 2011, through January 2013, I drafted Homepage items, EPIC Alert items, and updated EPIC's websites related to education privacy: "Student Privacy,"

https://epic.org/privacy/student/, and "EPIC v. The U.S. Department of Education," https://epic.org/apa/ferpa/default.html. Homepage items are short news summaries that are posted to the epic.org homepage. The EPIC Alert is an online newsletter distributed bi-weekly via email to thousands of subscribers. The majority of that content's postings related to, and was in response to, developments regarding the promulgation of the Final Rule and subsequent developments, including the EPIC lawsuit.

16. **Publications.** From the time the Final Rule was promulgated on December 2, 2011, through January 2013, I co-authored "Amassing Student Data and Dissipating Privacy Rights" with Marc Rotenberg for *EDUCAUSE Review* and *EDUCAUSE Review Online*. I estimate that I spent 10 hours researching, drafting, and editing the article. The content of the article discussed various issues related to education privacy, including the Department's Final Rule.

17. If I had not conducted the above activities, I would have been able to redirect the resources involved to my other responsibilities as Administrative Law Counsel: researching and submitting administrative agency comments on proposed federal agency privacy regulations that pertain to government collection, retention, and dissemination of personal information.

Under penalty of perjury, I declare that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 18 day of January, 2013

Khaliah Barnes