UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:12-cv-00327 (ABJ) |
| THE UNITED STATES DEPARTMENT OF EDUCATION, | ) ) ) ) | |
| Defendant. | ) ) | |

**STATEMENT OF GENUINE ISSUES**

Pursuant to LCvR 7(h)(2), the Department provides the following response to plaintiffs' statement of material facts.  Because this case turns on issues of law, the statements of fact provided by the parties largely recite the procedural history of the case and do not give rise to any material disputes.  *Compare* Def.'s Mot. Dismiss or Alternatively Summ. J. at 2-3 (hereinafter, "Def.'s Mot."); *with* Pls.' Cross-Mot. for Summ. J. at 2-4 (hereinafter, "Pls.' Cross-Mot.").  Nevertheless, because courts "may assume that facts identified by the moving party in its statement of material facts are admitted, unless such fact is controverted in the statement of genuine issues filed in opposition to the motion," LCvR 7(h)(1), the Department provides the following response to misstatements in plaintiffs' statement:

1.  Plaintiffs' Material Fact No. 4 characterizes EPIC's May 23, 2011 comment to the Department as "opposing and noting the illegality of the agency's reinterpretation of [three] statutory terms." Pls.' Cross-Mot. at 3.  This is a correct characterization of the opinions stated in EPIC's comment, but it is a legal not factual question whether the agency's interpretation of

the three statutory terms is "illegal."

2.   Plaintiffs' Material Fact No. 5 states that the definitions of the three disputed statutory terms in the Final Rule "did not differ from the proposed regulations," and Plaintiffs' Material Fact No. 4 implies the same thing when it describes the Final Rule as merely "implementing the proposed amendments." Pls.' Cross-Mot. at 3. To the contrary, the Department considered the public comments received after issuance of the notice of proposed rulemaking and made substantive changes to the definitions of these statutory terms. *See* Final Rule, AR 0697-98.

3.   Plaintiffs' Material Fact No. 10 describes the administrative record filed by the Department on June 29, 2012 as only "a partial administrative record." Pls.' Cross-Mot. at 3. To the contrary, the Department filed the complete record upon which it based its decision. *See* Certification of Admin. R., June 29, 2012, ECF No. 10. While the Department stipulated to the supplementation of the record with two additional documents that were "available to the agency personnel who were involved with drafting the NPRM," the Department did not concede that the administrative record was incomplete as filed, nor did the Court rule that any supplementation was necessary. *See* Mem. Op. & Order, Oct. 26, 2012, ECF No. 15; Def.'s Opp'n to Pls.' Mot. to Suppl. Admin. R. at 7-8, Aug. 9, 2012, ECF No. 13.

Dated:  February 1, 2013	Respectfully submitted,

	STUART F. DELERY
	Principal Deputy Assistant Attorney General

Of Counsel:

	JOHN R. TYLER
DEBORAH FRIENDLY	Assistant Director
RAHUL REDDY
Office of the General Counsel	/s/ Galen N. Thorp
U.S. Department of Education
Washington, D.C.	GALEN N. THORP (VA Bar # 75517)
	Trial Attorney
	United States Department of Justice
	Civil Division, Federal Programs Branch
	P.O. Box 883, Room 6140
	Washington, D.C. 20530
	Tel: (202) 514-4781  Fax: (202) 616-8460
	E-mail: galen.thorp@usdoj.gov

	Attorneys for Defendant